United States District Court
Southern District of Texas
FILED

FEB 0 6 2003

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VIRGINIA CLIVE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. **B-03-033** |
| | § | (Jury Requested) |
| WAL-MART STORES, INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Virginia Clive, Plaintiff, complaining of Wal-Mart Stores, Inc., Defendant, and for cause of action would show the court as follows:

## I. PARTIES

1.      Plaintiff, Virginia Clive, is an individual residing in Cameron County, Texas.

2.      Defendant, Wal-Mart Stores, Inc., is a Delaware corporation whose principal place of business is not located in Texas, although it is qualified to engage in business in Texas and conducts business at 3500 West FM 3248, Brownsville, Cameron County, Texas. Defendant may be served with process by serving its registered agent:

Corporation Service Company
800 Brazos
Austin, Texas 78701

## II. JURISDICTION

3.      Jurisdiction is founded on the diversity of citizenship under 28 U.S.C. §1332. The present amount in controversy exceeds the sum of $75,000, excluding interest and cost. Additionally, this Court has supplemental jurisdiction for state law claims pursuant to 28 U.S.C. §1367.

### III. PRELIMINARY STATEMENT

4.    This is a personal injury case in which the Plaintiff, Virgina Clive, sustained severe and

disabling injuries to her neck, back and body when she slipped and fell on some vomit, or some type

of liquid, while shopping at the Wal-Mart Store located at 3500 W. FM Road 3248, Brownsville,

Cameron County, Texas 78521 on June 8, 2002.

### IV. FACTUAL ALLEGATIONS

5.    At all times pertinent to this action, Defendant was the exclusive owner, lessee, occupier or

possessor of the premises in question.

6.    Plaintiff was an invitee to whom Defendant owed a duty to use ordinary or reasonable care

to protect Plaintiff and others against dangerous conditions on the premises of which Defendant has

either actual or constructive knowledge, including the duty to exercise ordinary or reasonable care

to protect and safeguard Plaintiff and those similarly situated from unreasonably dangerous

conditions on Defendant's premises or to maintain the premises in a reasonably safe condition or

inspect the premises to discover the dangerous condition or to warn of hazards.

7.    At all times material herein, all of the agents, servants, and employees for Defendant, who

were in any way connected with the occurrence in this suit were acting within the course and scope

of their employment or official duties and in furtherance of the duties of their office or employment.

8.    On or about June 8, 2002, during normal business hours, Plaintiff was walking towards the

restrooms, when she suddenly slipped and fell on some vomit, or some other type of liquid.  This

liquid on the floor constituted a dangerous condition on the premises which Defendant, Wal-Mart

Stores, Inc., its agents, servants and employees knew, or in the exercise of ordinary care, should have

known existed. As a result of the incident, Plaintiff sustained severe and disabling physical injuries

to her back and body generally.

## V. NEGLIGENCE

9.      Plaintiff alleges that Defendant, Wal-mart Stores, Inc., its agents, servants and employees had actual or constructive knowledge of the condition on the premises and that there was a likelihood of someone being injured as happened to Plaintiff.

10.      Plaintiff further alleges that the vomit, or other liquid substance, created a condition which posed an unreasonable risk of harm to Plaintiff because Defendant failed to exercise reasonable care to reduce or eliminate the risk and that Defendant's failure to use such care was a proximate cause of Plaintiff's injuries.

11.      Defendant, through its agents or employees, did appreciate or in the exercise of reasonable care should have appreciated the full extent of the danger involved.

12.      Plaintiff sustained severe and disabling physical injuries to her neck, back and other general injuries as a direct and proximate result of this dangerous condition on the premises which Defendant, its agents, servants and employees knew or, in the exercise of ordinary care, should have known existed.

## VI. DAMAGES

13.      As a direct proximate result of the negligence of Defendant, Plaintiff has suffered severe and disabling physical injuries to her neck, back and body generally which have resulted in losses and damages recoverable at law. Plaintiff respectfully requests the Court and Jury to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damages, provided by law, that Plaintiff

is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

14.    From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

> a.    The physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;
>
> b.    The mental anguish that Plaintiff has suffered from the date of the incident in question to the time of trial;
>
> c.    The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the incident in question to the time of trial;
>
> d.    The loss of earning capacity that Plaintiff has sustained from the date of the incident in question to the time of trial; and
>
> e.    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform.

15.    From the time of the trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are such of the following elements that are shown by a preponderance of the evidence upon the trial of this case.

> a.    The physical pain and suffering that Plaintiff will suffer in the future beyond the time of trial;
>
> b.    The mental anguish that Plaintiff will suffer in the future beyond the time of trial;

    c.      The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

    d.      The loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future beyond the time of trial; and

    e.      The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial.

16.     By reason of the above and foregoing, Plaintiff, Virginia Clive, has suffered losses and damages in excess of the minimum jurisdictional limits of this Court.

## VII. LIFE TABLES

17.     At the time of the occurrence made the basis of this action, Plaintiff, Virginia Clive, was 68 years of age with a life expectancy of 16.9 years according to the National Vital Statistics Reports, United States Life Tables, 1999, Volume 50, Number 6, Table 6, a certified copy of which will be used by Plaintiff as evidence at the trial of this cause and Defendant is hereby notified of such intent.

## VIII. PRE/POSTJUDGMENT INTEREST

18.     Plaintiff further pleads that pursuant to statute and equity she is entitled to pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court. Plaintiff pleads that if she is not allowed such pre and post judgment interest, that she would not be fully compensated, and that she would be denied an opportunity to earn interest on the damages Plaintiff sustained between the time of the incident and the time of judgment.

## IX. PRAYER FOR RELIEF

19.     WHEREFORE, PREMISES CONSIDERED, Plaintiff, Virginia Clive, requests that on final trial she have judgment against Defendant for a sum in excess of the minimum jurisdictional limits of this Court, pre-judgment and post-judgment interest, costs of suit, and general relief.

## X.  JURY DEMAND

20.    Pursuant to Rules 38 and 39, Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury.

DATED:        February 6, 2003


                            Respectfully submitted,

                            **LAW OFFICES OF FRANK COSTILLA, L.P.**
                            5 East Elizabeth Street
                            Brownsville, Texas  78520
                            Telephone:      (956) 541-4982
                            Facsimile:      (956) 544-3152


                            Frank Costilla
                            State Bar No. 04856500
                            Federal ID. No. 1509

                            **ATTORNEY FOR PLAINTIFF**
                            **VIRGINIA CLIVE**