United States District Court
Southern District of Texas
FILED

FEB 28 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VIRGINIA CLIVE | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-033 |
| WAL-MART STORES, INC. | § | |

## DEFENDANT WAL-MART STORES, INC.'S ANSWER
## TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Wal-Mart Stores, Inc., Defendant in the above-captioned cause of action would show the Court as follows:

### I. PARTIES

1.   Defendant is without sufficient information at this time to admit or deny whether Plaintiff, Virginia Clive resides in Cameron County, Texas.

2.   Defendant admits it is a Delaware corporation whose principal place of business is not located in Texas, although it is qualified to engage in business in Texas and conducts business at 3500 West FM 3248, Brownsville, Cameron County, Texas. Defendant admits it has been served with process of service.

### II. JURISDICTION

3.   Defendant denies that Plaintiff has suffered damages in the amount alleged, but Defendant concedes to jurisdiction of this court.

### III. PRELIMINARY STATEMENT

4.   Defendant admits that Plaintiff has brought a personal injury case, and admits Plaintiff was present at the Wal-Mart Store located at 3500 W. FM Road 3248, Brownsville, Cameron County, Texas 78521 on June 8, 2002. Defendant denies each and

every other allegation contained in paragraph 4 of Plaintiff's Original Complaint.

## IV. FACTUAL ALLEGATIONS

5. Defendant admits the allegations in paragraph 5 of Plaintiff's Original Complaint.

6. Defendant admits that Plaintiff was an invitee to whom Defendant owed a duty to use ordinary or reasonable care to protect Plaintiff and others against dangerous conditions on the premises of which Defendant has either actual or constructive knowledge, as alleged in paragraph 6 of Plaintiff's Original Complaint.

7. Defendant is without sufficient information at this time to admit that the agents, servants, and employees for Defendant, "who were in any way connected with the occurrence in this suit" were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment," as alleged by Plaintiff in paragraph 7 of her Original Complaint. Defendant admits that the employees who filed out the incident report and who participated in the investigation of this incident were acting within the course and scope of their employment.

8. Defendant admits that on or about June 8, 2002, during normal business hours, Plaintiff claims she was walking towards the restrooms, when she suddenly slipped and fell on some vomit, or some other type of liquid. Defendant denies each and every remaining allegation in paragraph 8 of Plaintiff's Original Complaint.

## V. NEGLIGENCE

9. Defendant denies each and every allegation contained in paragraph 9 of Plaintiff's Original Complaint.

10. Defendant denies each and every allegation contained in paragraph 10 of Plaintiff's Original Complaint.

11. Defendant denies each and every allegation contained in paragraph 11 of Plaintiff's Original Complaint.

12. Defendant denies each and every allegation contained in paragraph 12 of Plaintiff's Original Complaint..

## VI. DAMAGES

13. Defendant admits that Plaintiff is seeking damages as alleged in paragraph 13 of Plaintiff's Original Complaint, but denies that Plaintiff is entitled to same and denies each and every other allegation contained in paragraph 13.

14. Defendant denies that Plaintiff is entitled to the damages alleged in paragraph 14 of her Original Complaint.

15. Defendant denies that Plaintiff is entitled to the damages alleged in Paragraph 15 of her Original Complaint.

16. Defendant denies each and every allegation contained in paragraph 16 of Plaintiff's Original Complaint.

## VII. LIFE TABLES

17. Defendant admits the information contained in the National Vital Statistics Reports, United States Life Tables, 1999, Volume 50, Number 6, Table 6, is correct. Defendant is currently without sufficient information to admit plaintiff's age. Defendant denies each and every other allegation in paragraph 17 of Plaintiff's Original Complaint.

## VIII. PRE/POSTJUDGMENT INTEREST

18. Defendant denies Plaintiff is entitled to damages or interest as contained in paragraph 18 of Plaintiff's Original Complaint.

## IX. PRAYER FOR RELIEF

19. Defendant denies Plaintiff is entitled to the relief prayed for in paragraph 19

of Plaintiff's Original Complaint.

### III.

### AFFIRMATIVE DEFENSES

20. For further answer herein, if such be necessary, Defendant affirmatively asserts that the acts of the Plaintiff Virginia Clive, in failing to use ordinary care for her safety, was fifty-one percent (51%) of the cause of the alleged injuries or, in the alternative, she was the sole cause.

21. Defendant further affirmatively asserts that Plaintiff has failed to allege sufficient facts to state a cause of action against Wal-Mart Stores, Inc.

22. Defendant further affirmatively states that the acts of third parties, as yet unknown, were a contributing cause of Plaintiff's alleged injuries, or alternatively, that they were the sole cause.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that it be released, discharged and acquitted of the charges filed against it, that Plaintiffs take nothing by reason of this suit, and for such other and further relief to which Defendant may be justly entitled and for which it will forever pray.

Respectfully submitted,

**DRABEK & ASSOCIATES**
1720 E. Harrison, Suite B
Harlingen, Texas  78550
Telephone: 956/ 428-4544
Facsimile: 956/ 428-4880

Jaime A. Drabek
SBOT 06102410
Fed. I.D. # 8643
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, hereby certify that on this the 24 th day of **February, 2003,** a true and correct copy of the foregoing instrument was sent to all counsel of record by Facsimile, Certified Mail, Return Receipt Requested and/or hand delivery.

Mr. Frank Costilla
**Law Offices of Frank Costilla, L.P.**
5 East Elizabeth Street
Brownsville, Texas 78520

*CMRRR# 7001-1940-0003-1459-9980*

Jaime A. Drabek