

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VIRGINIA CLIVE | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-033 (Jury Requested) |
| WAL-MART STORES, INC. | § | |

## PLAINTIFF'S AND DEFENDANT'S
## JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiff VIRGINIA CLIVE and Defendant WAL-MART STORES, INC., and file this their Joint Discovery/Case Management Plan, as required by the Cost and Delay Reduction Plan in the Civil Justice Reform Act of 1990 adopted by the Court on October 14, 1991.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 26(f), a meeting of the parties was held on May 16, 2003 by teleconference and was attended by Alejandro J. Garcia for Plaintiff and Jaime A. Drabek for Defendant Wal-Stores, Inc.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

**ANSWER:** None

3. Briefly describe what this case is about.

**ANSWER:** On or about June 8, 2002, VIRGINIA CLIVE, allegedly sustained severe and disabling injuries to her neck, back and body when she slipped and fell on some vomit, or some type of liquid, while shopping at the Wal-Mart Store located at 3500 W. FM Road 3248, Brownsville, Cameron County, Texas 78521.

4. Specify the allegation of federal jurisdiction.

**ANSWER:** Diversity Jurisdiction.

5. Name the parties who disagree and the reasons.

**ANSWER:** None.

6. List anticipated additional parties that should be included, when they can be added, and by who they are wanted.

**ANSWER:** The parties are unaware of any anticipated additional parties.

7. List anticipated interventions.

**ANSWER:** The parties are unaware of any anticipated interventions.

8. Describe class-action issues.

**ANSWER:** There are no class-action issues.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**ANSWER:** Parties have agreed to exchange their initial disclosures by June 7, 2003.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matter raised in Rule 26(f).

**ANSWER:** The parties have agreed to exchange initial disclosures by June 7, 2003. The parties have further agreed that extensive discovery will be required to identify the facts of the case. Prior to initiating such discovery, the parties further agree to conduct settlement discussions reasonably promptly after the initial pretrial conference on May 30, 2003 and after discovery has taken place.

    B. When and to whom the plaintiff anticipates it may send interrogatories.

**ANSWER:** Plaintiff served her interrogatories to Defendant on May 7, 2003.

    C. When and to whom the defendants anticipate it may send interrogatories.

**ANSWER:** Defendant served its interrogatories to Plaintiff on March 3, 2003.

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

**ANSWER:** Plaintiff anticipates taking the oral depositions of fact witnesses including Cesar T. Esparza, Esmeralda Cantu, Maria De Jesus Lambarri and management employees on or before September 15, 2003.

    E. Of whom and by when the defendants anticipate taking oral depositions.

**ANSWER:** Defendant anticipates taking the oral depositions of fact witnesses including Plaintiff and Melissa Cuevas on or before September 15, 2003.

    F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

**ANSWER:** Plaintiff will designate experts, if any, and their reports 90 days before trial. Defendants will designate experts, if any, and their reports 60 days before trial.

      G.      List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**ANSWER:**      Plaintiff intends to depose those experts identified by Defendant within 30 days after their designation.

      H.      List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**ANSWER:**      Defendants intend to depose those experts identified by Plaintiff within 30 days after their designation.

11.      If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**ANSWER:**      Presently, both parties are in agreement on the discovery plan.

12.      Specify the discovery beyond initial disclosures that has been undertaken to date.

**ANSWER:**      Interrogatories, Requests for Production, and Requests for Admission.

13.      State the date the planned discovery can reasonably be completed.

**ANSWER:**      Thirty days before trial.

14.      Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**ANSWER:**      The parties have agreed to conduct a settlement conference reasonably promptly after the May 30, 2003 initial pretrial conference.

15.      Describe what each party has done or agreed to do to bring about a prompt resolution.

**ANSWER:**      The parties have conferred as required and have agreed to an early settlement conference.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

**ANSWER:** Parties anticipate a settlement conference or mediation soon after the initial pretrial conference and another mediation prior to trial and after extensive discovery has been completed.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**ANSWER:** Parties are not in opposition to trying the case before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

**ANSWER:** A demand for a jury has been timely made.

19. Specify the number of hours it will take to present the evidence in this case.

**ANSWER:** Parties anticipate a one-week trial of this case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**ANSWER:** Motion for Physical Examination.

21. List other motions pending.

**ANSWER:** None.

22. Indicate other matters peculiar to this case, including discovery, that deserves the special attention of the court at the conference.

**ANSWER:** None.

23.   List the names, bar numbers, addresses and telephone numbers of all counsel.

**ANSWER:**

ATTORNEYS FOR PLAINTIFF, VIRGINIA CLIVE:
**Frank Costilla**
Federal ID No. 1509
State Bar No. 04856500
**Alejandro J. Garcia**
Federal ID No. 30411
State Bar No. 24004663
**LAW OFFICES OF FRANK COSTILLA, L.P.**
5 East Elizabeth Street
Brownsville, Texas  78520
Telephone:     (956) 541-4982
Facsimile:     (956) 544-3152


ATTORNEY FOR DEFENDANT, WAL-MART STORES, INC.:
**Jaime A. Drabek**
Federal ID No. 8643
State Bar No. 06102410
**THE LAW FIRM OF DRABEK & ASSOCIATES**
1720 E. Harrison, Suite B
Harlingen, Texas 78550
Telephone:     (956) 428-4544
Facsimile:     (956) 428-4880


_____          5-19-2003
Frank Costilla                                                     Date
Alejandro J. Garcia
Counsel for Plaintiff


_____          5-19-2003
Jaime A. Drabek  w/ perm. AJG              Date
Counsel for Defendant