1a

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

DEC 1 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **VIRGINIA CLIVE** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. B-03-033** |
| | § | |
| **WAL-MART STORES TEXAS, LP** | § | |

## MOTION FOR LEAVE TO FILE MOTION TO EXCLUDE
## EVIDENCE FOR FAILURE TO TIMELY SUPPLEMENT/DISCLOSE

COMES NOW, **WAL-MART STORES TEXAS, LP.**, Defendant in the above entitled and numbered cause and files this its Motion for Leave to File Motion to Exclude Evidence for Failure to Timely Supplement/Disclose, and would respectfully shows the Court the following:

1.  This case is scheduled for Docket Call on January 6, 2004 and Jury Selection on January 8, 2004.

2.  The completion deadline for Discovery was December 12, 2003.

3.  On December 17, 2003, plaintiff's counsel faxed to defense counsel the 1 page document entitled "Lost Earnings for Virginia Clive" which is attached as Exhibit "A". This document purports to compute and calculate plaintiff's lost wages in the past and in the future.

4.  In response to Rule 26(a) (1) (C) Initial Disclosures, the plaintiff failed to provide any computation for this category of damages nor did it supplement in accordance with Rule 26(e) in a timely manner.

5.  In response to Defendant's Interrogatory No. 11 which directly requests specific

information concerning lost wages and loss of earning capacity the plaintiff lodged no objection, gave an incomplete answer and provided no computations or calculations for this category of damages.

6.    The plaintiff has never formally supplemented either its disclosures, interrogatories or requests for document production providing defendant with the information contained in Exhibit "A".

7.    The Defendant respectfully requests that it be allowed to file its Motion to Exclude Evidence For Failure to Timely Supplement/Disclose so that the Court can make a determination as to whether or not this information provided by the plaintiff on the eve of trial and after the discovery cut-off should be admitted as evidence in this case.

DATED:   December ____19th____, 2003.

Respectfully submitted,

**DRABEK & ASSOCIATES**
1720 E. Harrison, Suite B
Harlingen, Texas 78550
956/ 428-4544 Telephone
95/ 428-4880 Facsimile

JAIME A. DRABEK
Fed. I.D. No. 8643
SBOT: 06102410
*Counsel for Defendant, Wal-Mart Stores, Inc.*

## CERTIFICATE OF CONFERENCE

A conference has been held on the merits of this Motion:

_____    I have been unsuccessful in my attempt to contact opposing counsel.

_____    I have been unsuccessful in my attempts to discuss this matter with the opposing counsel as said attorneys have not returned my telephone calls or responded to my letter.

____X____    This matter has been discussed with opposing counsel and no agreement on the Motion could be reached.

_____    Opposing counsel has agreed or is unopposed to Movant's request under this Motion.

Jaime A. Drabek

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record by certified mail, return receipt requested, on this the ___19th___ day of December, 2003, to-wit:

Mr. Frank Costilla                                        *Via Fax No. 956/ 544-3152*
**Law Office of Frank Costilla, L.P.**
5 East Elizabeth Street
Brownsville, Texas   78520

Jaime A. Drabek

**LOST EARNINGS FOR VIRGINIA CLIVE**

**Date of Accident through April 2003**
The date of the accident was June 8, 2002. After the accident, she returned back to work in August. From this period of time she lost approximately 25 days of work. Thereafter, she worked until the end of November and did not work in December '02, Jan. '03 (month she had surgery), Feb. '03, March '03 and returned back to work April 18, 2003 for total lost days of 79.

Total: 104 days

**May 2003 through December 31, 2003**
Through this period, the number of days worked has been reduced from 4 days/week (pre-accident) to 3 days/week and then down to 2 days/week presently. Through this period, there are 33 weeks and assuming she has only lost 1 day/week then a total of 33 days.

Total: 33 days

**Future**
Despite Mrs. Clive's age she says she had no intention of retiring anytime soon and she still does not. However, she can no longer work the 4 day schedule she did prior to the accident and works only 2 days/week now. Assuming she will work for another 5 years x 52 weeks/year x 2days/week lost, future lost days total 520 days.

Total: 520 days

Mrs. Clive works 8 hours a day and earns $15/hour. Total number of days 104 + 33 +520=657 days.

**TOTAL LOST EARNINGS:** 657 days x 8 hrs/day x $15/hr. = **$78,840**



EXHIBIT "A"