# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 9 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| VIRGINIA CLIVE § § | |
| vs. § § | CIVIL ACTION NO. B-03-033 (Jury Requested) |
| WAL-MART STORES, INC. and § WAL-MART STORES, TEXAS, L.P. § | |

## PLAINTIFF'S PROPOSED CHARGE AND INSTRUCTION TO THE JURY

TO THE HONORABLE U.S. DISTRICT COURT:

NOW COMES PLAINTIFF VIRGINIA CLIVE and respectfully submits Plaintiff's Proposed Charge and Instructions to the Jury as follows, to-wit:

Respectfully submitted,

**LAW OFFICES OF FRANK COSTILLA, L.P.**
5 East Elizabeth Street
Brownsville, Texas   78520
Telephone      : (956) 541-4982
Facsimile       : (956) 544-3152

*(signature)*

Frank Costilla
State Bar No. 04856500
Federal I.D. No. 1509
**Alejandro J. Garcia**
State Bar No. 24004663
Federal I.D. No. 30411

Plaintiff's Proposed Charge to the Jury

## CERTIFICATE OF SERVICE

On this the 19th day of December 2003, a true and correct copy of the above and foregoing document was sent to all counsel involved in the manner indicated below:

Mr. Jaime A. Drabek  
The Law Firm of Drabek & Associates  
1720 East Harrison, Suite B  
Harlingen, Texas  78550

Via **CM/RRR # 7003 1010 0003 6965 3015**

_____  
Alejandro J. Garcia

## PROPOSED INSTRUCTION NO. 1

### GENERAL INSTRUCTIONS

LADIES AND GENTLEMEN OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did

something, or failed to say or do something that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence–such as testimony of any eyewitness. The other is indirect or circumstantial evidence–the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field – he is called an expert witness – is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you may have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of the other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and

conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any questions.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

Remember that in a very real way you are the judges – judges of the facts. Your only interest is to seek the truth from the evidence in this case.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

---

**Authority**

**Fifth Circuit Pattern Jury Instructions for Civil Cases, § 3.1**

<u>ORDER</u>

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____   Included in the Court's Charge.

_____   Refused.

_____   Modified and, as modified, included in the Court's Charge.


SIGNED the _____ day of _____, 2003.


_____
U.S. District Judge

## PROPOSED INSTRUCTION NO. 2

### DEFINITIONS

"**Proximate cause**," means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

"**Negligence**," when used with respect to the conduct of Virginia Clive, means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"**Ordinary care**," when used with respect to the conduct of Virginia Clive, means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____   Included in the Court's Charge.

_____   Refused.

_____   Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2003.

_____

U.S. District Judge

## PROPOSED QUESTION NO. 1

Did the negligence, if any, of those named below proximately cause the occurrence in question?

With respect to the condition of the premises, Wal-Mart Stores, Inc. and Wal-Mart Stores, Texas, L.P. were negligent if–

a.  the condition posed an unreasonable risk of harm, and

b.  Wal-Mart Stores, Inc. and Wal-Mart Stores, Texas, L.P. knew or reasonably should have known of the danger, and

c.  Wal-Mart Stores, Inc. and Wal-Mart Stores, Texas, L.P. failed to exercise ordinary care to protect Virginia Clive from the danger, by both failing to adequately warn Virginia Clive of the condition and failing to make that condition reasonably safe.

"Ordinary care," when used with respect to the conduct of Wal-Mart Stores, Inc. and Wal-Mart Stores, Texas, L.P. as an owner or occupier of a premises, means that degree of care that would be used by an owner or occupier of ordinary prudence under the same or similar circumstances.

Answer "Yes" or "No" for each of the following:

a.  Wal-Mart Stores, Inc.
    and Wal-Mart Stores, Texas, L.P.     _____

b.  Virginia Clive                        _____


## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Question was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____     Included in the Court's Charge.

_____     Refused.

_____    Modified and, as modified, included in the Court's Charge.


SIGNED the _____ day of _____, 2003.

                                                                    _____
                                                                    U.S. District Judge

## PROPOSED QUESTION NO. 2

If you have answered "Yes" to Question 1 for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The negligence attributable to any one named below is not necessarily measured by the number of acts or omissions found. The percentage attributable to a person need not be the same percentage attributed to that person in answering another question.

What percentage of the negligence that caused the occurrence or injury do you find to be attributable to each of those listed below and found by you, in your answer to Question 1, to have been negligent?

    a.    Wal-Mart Stores, Inc.
           and Wal-Mart Stores, Texas, L.P.    _____%

    b.    Virginia Clive    _____%

           Total    _____100_____%

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Question was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____    Included in the Court's Charge.

_____    Refused.

_____    Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2003.

                                                                _____
                                                                 U.S. District Judge

## PROPOSED INSTRUCTION NO. 3

## CONSIDER DAMAGES ONLY IF NECESSARY

If the Plaintiff has proven his claim against the Defendants by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether the Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendants are liable and that Plaintiff is entitled to recover from the Defendants.

---

**Authority**

**Fifth Circuit Pattern Jury Instructions for Civil Cases, § 15.1**

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____   Included in the Court's Charge.

_____   Refused.

_____   Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2003.

_____
U.S. District Judge

## PROPOSED INSTRUCTION NO. 4

## COMPENSATORY DAMAGES

If you find that the Defendants are liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's damages. The purpose of compensatory damages is to compensate the Plaintiff for the injuries, if any, that she sustained as a result of the Defendants' acts. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

**Authority**

**Fifth Circuit Pattern Jury Instructions for Civil Cases, § 15.2**

ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____   Included in the Court's Charge.

_____   Refused.

_____   Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2003.

_____
U.S. District Judge

## PROPOSED QUESTION NO. 3

Answer Question 3 if you answered "Yes" for Wal-Mart Stores, Inc. and Wal-Mart Stores, Texas, L.P. to Question 1 and answered:

(1)  "No" for Virginia Clive to Question 1, or

(2)  50 percent or less for Virginia Clive to Question 2.

Otherwise, do not answer Question 3.


What sum of money, if paid now in cash, would fairly and reasonably compensate Virginia Clive for her injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

    a.    Physical pain and mental anguish.

    b.    Loss of earning capacity.

    c.    Disfigurement.

    e.    Physical impairment.

    f.    Medical care.

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Virginia Clive.

Answer in dollars and cents for damages, if any, that –

were sustained in the past:                      Answer:_____

in reasonable probability will be
sustained in the future.                        Answer:_____

## VERDICT OF THE JURY

We, the jury, have answered the above and foregoing special issues in the manner indicated in this verdict form, and return these answers into Court as our verdict.

_____         _____
Presiding Juror                                              Date