IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VIRGINIA CLIVE | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-033 (Jury Requested) |
| WAL-MART STORES, INC. and WAL-MART STORES, TEXAS, L.P. | § § | |

## PLAINTIFF'S MOTION IN LIMINE

NOW COMES, VIRGINIA CLIVE, Plaintiff herein, prior to commencement of voir dire examination of the jury panel, respectfully moves that counsel for Defendant, and through said counsel, any and all Defendant's witnesses, be instructed by appropriate order of the Court to refrain from making any mention or interrogation, directly or indirectly, upon voir dire, statement of the case, interrogation of witnesses, objections before the jury or in any manner whatsoever bring to the jury's attention any of the matters hereinafter set forth, without first approaching the Bench outside the presence and hearing of the jury and jury panel and obtaining a favorable ruling from the Court in regard to any alleged theory of admissibility of said matters.

Further, counsel for Defendant should be specifically instructed to inform and counsel with all witnesses called by Defendant or parties in the courtroom at the request of Defendant not to volunteer, inject, disclose, state or mention to the jury and of the below enumerated matters, unless specifically questioned thereon after a prior ruling by the Court.

To bring to the jury's attention any of the matters set forth below would constitute harm to Plaintiff's cause and Deprive Plaintiff of a fair trial.

Plaintiff requests that this Order apply to any of the following acts by Defendant:

1. Attempt to offer witnesses not listed in Defendant's Answers to Interrogatories.

2. Attempt to offer into evidence any documents not provided to Plaintiff in response to their Request for Production of Documents.

3. Attempt to offer any testimony or argument by counsel, witnesses or parties relating to the facts of any of Plaintiff's personal habits, including drinking habits, since there is no allegation that such habits contributed in any way to the occurrence made the basis of this lawsuit.

4. Attempt to offer any reference, mention, testimony or argument by counsel, witnesses or parties relating to Plaintiff's Attorney's fee arrangement with her counsel or the circumstances under which Plaintiff hired her attorney. The attorney's fee arrangement is not relevant to any issue in the case, and any mention of it would be highly inflammatory, irrelevant and immaterial.

5. Attempt to offer any reference, mention, testimony, or argument by counsel, witnesses or parties relating to the time or circumstances under which the Plaintiff employed her attorney.

6. That no mention be made of the effect or results of a claim, suit or judgment upon the insurance rates, premiums, or charges, either generally or as particularly applied to the party or employer in question as a result of this or any other matter.

7. That the Defendant and its attorney refrain from directly or indirectly stating Plaintiff's prior health condition disassociated from the case in question.

8. Attempt to offer any reference, mention, testimony or argument by counsel, witnesses or parties relating to the fact that Plaintiff has ever been arrested, or has ever been accused or found guilty of any criminal activity.

9. Attempt to offer any reference, mention or testimony, by the parties, or any witnesses, or counsel, that Plaintiff or her family, obtained, or are obtaining any governmental assistance, including welfare, food stamps, Medicare or Medicaid, or social security benefits.

10. Attempt to offer evidence that Plaintiff has or may have been accused or found guilty of any misconduct or criminal activity. Plaintiff further requests notice of intention by Defendants to impeach by conviction under Rule 609 Federal Rules of Evidence.

11. Attempt to offer testimony of any prior lawsuits, claims, or settlement agreements in unrelated claims or the amount of compensation received in such settlements, this evidence would unduly prejudice the jury against Plaintiff.

12. Attempt to offer testimony of settlement offers to VIRGINIA CLIVE and the amounts thereof.

13. Attempt to offer any reference, mention or testimony, by the parties, or any witnesses, or counsel, that Plaintiff or her family have received benefits from a collateral insurance coverage.

14. Attempt to offer any reference, mention or testimony, by the parties, or any witnesses, or counsel, that Plaintiff provided services without charge.

15. Attempt to offer any reference, mention or testimony, by the parties, or any witnesses, or counsel, that Plaintiff received compensation for time not actually worked.

16. Attempt to offer any reference, mention or testimony, by the parties, or any witnesses, or counsel, that Plaintiff has received benefits and/or medical benefits paid or compensated by others.

17. Attempt to offer any reference, mention or testimony, by the parties, or any witnesses, or counsel, that any recovery by the Plaintiff will not be subject to income taxation or any other form

of taxation.

18. That no testimony be permitted regarding accident reconstruction, accident investigation, accident causation and/or injury causation from witnesses not properly qualified to give such opinion.

19. That Defendants be instructed not to make demands or requests before the jury for matters found or contained in Plaintiff's file, which would include statements, pleadings, photographs, reports or other documents, nor to demand or request further or additional examination, physical demonstrations, or other requests during the course of the trial in the presence of the jury.

20. Attempt to offer and reference, comment, or question, in any manner, that would inform the jury of the legal effects of their answers to any of the jury questions that may be submitted.

21. Attempt to offer any reference, mention, testimony or argument by counsel, witnesses, or parties relating to the fact that the Plaintiff filed this motion or that the Court ruled in response. Such references are inherently prejudicial in that they suggest or infer that Plaintiff has sought to prohibit proof or that the Court has excluded proof of matters damaging to Plaintiff's case. In this connection, Plaintiff requests that Defendant's counsel be instructed not to suggest, by argument or otherwise, that Plaintiff has sought to exclude from evidence or proof any matters bearing on the issues in this case or the rights of the parties to this suit.

22. Attempt to offer any reference, mention or state to the jury, or prospective jurors, the probable testimony of a witness who is absent, unavailable, or not called to testify in this case.

23. Should the Defendant attempt to offer any photographs, diagrams, graphs, charts, recording or motion picture films into evidence, that the same be tendered to Court and opposing counsel, outside the presence of the jury, and shown or exhibited to determine its relevance and

suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender into evidence by the Defendant.

24.     Attempt to mention that this Motion in Limine has been filed.

WHEREFORE, the admission of any of the foregoing matters, being prejudicial to Plaintiff and not completely curable even if an objection was sustained thereto, Plaintiff prays that this Motion be granted and sustained by appropriate order of this Court.

>               Respectfully submitted,
>
>               **LAW OFFICES OF FRANK COSTILLA, L.P.**
>               5 East Elizabeth Street
>               Brownsville, Texas 78523
>               Telephone:    (956) 541-4982
>               Facsimile:     (956) 544-3152
>
>               _____
>               Frank Costilla
>               Federal I.D. No. 1509
>               State Bar No. 04856500
>               **Alejandro J. Garcia**
>               Federal I.D. No. 30411
>               State Bar No. 24004663
>
>               **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On this the 19th day of December, 2003, a true and correct copy of the above and foregoing document was sent to opposing counsel, as indicated below:

Mr. Jaime Drabek
The Law Firm of Drabek & Associates
1720 East Harrison, Suite B
Harlingen, Texas 78550

_____
Alejandro J. Garcia