United States District Court
Southern District of Texas
FILED

JAN 0 5 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VIRGINIA CLIVE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-033 |
| | § | |
| WAL-MART STORES TEXAS, LP | § | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE EVIDENCE FOR FAILURE TO TIMELY SUPPLEMENT/DISCLOSE

COMES NOW, **WAL-MART STORES TEXAS, LP.**, Defendant in the above entitled and numbered cause and files this its Memorandum of Law in Support of its Motion to Exclude Evidence for Failure to Timely Supplement/Disclose, and would respectfully shows the Court the following:

I.

### APPLICABLE RULES

Defendant's Motion to Exclude Evidence is based on Plaintiff's failure to comply with the Federal Rules of Civil Procedure. The Rules which support Defendant's Motion, in pertinent part, are as follows:

**Federal Rules of Civil Procedure, Rule 26(a)(1)(C):**

[A] party must, without awaiting a discovery request, provide to other parties:
(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; . . .

**Federal Rules of Civil Procedure, Rule 26 (e)(1) and (2):**

(1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed in incomplete or incorrect and if the additional or corrective information has not otherwise been made know to the other parties during the discovery process or in writing. . . .

(2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made know to the other parties during the discovery process or in writing.

**Federal Rules of Civil Procedure, Rule 37(c)(1):**

(1) a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A),(B), and (C) and may include informing the jury of the failure to make the disclosure.

**Federal Rules of Civil Procedure, Rule 16(f):**
If a party or party's attorney fails to obey a scheduling or pretrial order, .. . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

II.

## APPLICATION OF THE RULES IN THE UNITED STATES FIFTH CIRCUIT

1. *The Court's discretion and standard of review:*

As stated in ***Geiserman v. MacDonald,*** **893 F.2d 787, 790 (5th Cir. 1990), wherein**

the Trial court entered an order striking expert witness testimony due to failure to meet deadlines.

> Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a scheduling order. Consistent with the authority vested in the trial court by rule 16, our court gives the trial court "broad discretion to preserve the integrity and purpose of the pretrial order." Hodges v. United States, 597 F.2d 1014, 1018 (5th Cir., 1979). . . . Moreover, a trial court's decision to exclude evidence as a means of enforcing a pretrial order "must not be disturbed" absent a clear abuse of discretion. See Davis v. Duplantis, 448 F.2d 918,921 (5th Cir. 1971).

As stated in *Texas Instruments, Inc. v. Hyundai Electronics Industries Co., Ltd.,* **50 F. Supp.2d 619, 622 (E.D. Tex. 1999):**

> [T]his court enjoys wide latitude in matters of evidence, as Provided by Federal Rule of Civil Procedure 37. . . .
> The Court has broad discretion to make whatever rulings that are just in light of the facts of the particular case. As recited above, one of the options available is the power to preclude evidence when a party's discovery is evasive of misleading. The court also has the power to sanction or order payment of expenses and/or attorney fees. . . .
> The Court is not required to make express findings of act or conclusions of law concerning the existence of substantial justification or harmless failure to disclose, either by the express language of Rule 37, the Advisory Committee Notes, or Fifth Circuit case law. *See also* Bradley v. United States, 866 F.2d 120 (5th Cir. 1989). Such rulings by the trial court will not be disturbed on appeal absent a showing of abuse of discretion. P. 622

The Court held in *American Realty Trust, Inc. v. Matisse Partners, L.L.C.,* **, 2002 W.L. 1489542, slip op. at 2 (N. D. Tex. 2002)**

> Pursuant to the Federal Rules, information not provided in discovery should be excluded from evidence unless the disclosing party can establish that the failure to disclose was either harmless or justified. Fed. R. Civ. P. 37©)(1).

2.  ***The Elements To Be Considered By The Court***

In *American Realty Trust, Inc. v. Matisse Partners, L.L.C.,* **, 2002 W.L. 1489542, slip op. at 2 (N. D. Tex. 2002)**, the court enumerates the specific factors to be considered in determining whether information not provided in discovery should be excluded from

evidence. In the words of the court: "In determining whether the plaintiffs' failure to disclose is harmless, the court should consider the following factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of allowing the evidence to be presented; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to provide the evidence in discovery. See Sierra Club, Lone Star Chapter v. Cedar Point Oil Company Inc., 73 F.3d 546, 572 (5th Cir.),(discussing a District court's decision to strike expert testimony), cert den., 519 U.S. 811, 117 S.Ct. 57 (1996).

*Accord, Bradley v. United States*, 866 F.2d 120,125 (5th Cir. 1985); *Murphy v. Magnolia Electric Power Ass'n.,* 639 F.2d 232,235 (5th Cir. 1981).

Thus, it is well within this Court's discretionary powers to exclude evidence not timely disclosed.

III.

### DISCUSSION OF ELEMENTS TO BE CONSIDERED
### THEY AS RELATE TO THE PRESENT CASE

*1.   The Evidence in Question*

The purported evidence in question in the present case if a document entitled "Lost Earnings for Virginia Clive" a copy of which is attached to Defendant's Motion for Leave to File Motion to Exclude. This evidence was supplied on Plaintiff's Counsel on December 17, 2003, after the close of discovery deadline stated in the Court's Scheduling Order. Additionally, as noted above, the type of evidence is to be given to opposing counsel in initial disclosures. This was not done. Further, Defendant propounded specific interrogatories requesting such information. The response was incomplete, and no documentation was provided to Defendant. As stated in *American Realty Trust, Inc. v.*

***Matisse Partners, L.L.C., , 2002 W.L. 1489542, slip op. at 2 (N. D. Tex. 2002)***, in granting Defendant's Motion to Exclude damage evidence:

> In addition to the requirements of Rule 26, which imposes a duty to make disclosure without a discovery requests, the plaintiffs had discovery obligations that were triggered by specific requests from the defendants. The defendants served interrogatories on each plaintiff requiring that it provide the defendants a complete description of its claim for damages, including the amount claimed and the facts supporting each claim. . . . Additionally, the defendants requested production of documents for ART related to the existence, amount, and calculation for any damages claimed by ART. . . .

**2.    *Elements (1) and (2): The importance of the Evidence and the prejudice to the opposing party of allowing the evidence to be presented.***

Although Defendant has serious issues regarding the accuracy of Plaintiff's calculations, when contrasted with discovery information which has been previously provided, the importance of this evidence cannot be disputed. Plaintiff is now claiming additional damages for past and future earnings in the amount of **$78,840.00**. However, "(t)he importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders. " ***Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990).**

Similarly, there is no question that Defendant will be prejudiced if these calculations are allowed in evidence. As stated in ***American Realty Trust, Inc. v. Matisse Partners,* slip op. at 2,** wherein the plaintiffs were seeking to untimely assert evidence of additional damages:

> The court agrees with the defendants that they have been significantly prejudiced by the plaintiffs' failure to disclose this element of damages, and by their failure to provide the necessary supporting calculations and documentation. The defendants correctly point out that by waiting until after the discovery deadline to disclose this claim, the plaintiffs have "effectively foreclosed [the] [d]efendants from taking discovery as to the lion's share of [the plaintiffs'] claim of damages."

3.  *Element (3): the possibility of curing such prejudice by granting a continuance.*

As stated in ***Texas Instruments, Inc. v. Hyundai Electronics Industries Co., Ltd., 50 F. Supp.2d 619, 630, fn. 21 (E.D. Tex. 1999)***: "First of all, a continuance would prejudice Texas Instruments which, by no fault of its own, would be force to delay its day in court . . . It's not Texas Instruments' fault that Hyundai concealed [the evidence] in total disregard for Texas Instrument's request and this court's local rules. . . . Simply put, there is not reason to force a continuance upon Texas Instruments in an effort to cure Hyundai's misconduct."

The court in ***American Realty Trust, Inc. v. Matisse Partners, L.L.C., at slip op 2,*** agrees with this assessment, stating: "Further delay would only serve to increase the costs to both parties." Additionally, in ***Geiserman v. MacDonald, 893 F.2d at 792:*** the court stated in response to the offending party's request for a continuance:

> While Attorney could have conducted new discovery and redeposed witnesses under a continuance in response to the untimely designation, this would have resulted in additional delay and increased the expense of defending the lawsuit. Moreover, a continuance would not deter future dilatory behavior, no serve to enforce local rules of court imposed scheduling orders.

4.  *Element (4): the explanation, if any, for the party's failure to provide the evidence in discovery*

Defendant contends that Plaintiff can give no satisfactory explanation for the failure to provide the requested information. First, this is not newly discovered evidence. The evidence that Plaintiff seeks to have considered was particularly within the knowledge of the Plaintiff. In the ***American Realty Trust, Inc. v. Matisse Partners, L.L.C.,*** case, the court strongly rejects Plaintiffs' argument that the Defendants "should have put two and two together and guessed that the plaintiffs would make such a claim" as being "absurd." In

granting the Defendant's Motion to Exclude, the court states:

> [T]he information necessary to make a calculation of their damages is within the plaintiffs' sole possession. The court finds that the plaintiffs made a tactical decision to ambush the defendants by withholding their main claim for damages until after the close of discovery. This is an example of the plaintiffs simply delaying answering interrogatories until the brink of trial, when all facts are known and theories finalized, before informing the defendants of a key party of the plaintiffs' theory of the case. The plaintiffs should have disclosed their damage claim based on the information available at the beginning of the case.

**Slip op. at 3; *Accord Barker v. Bledsoe*, 85 F.R.D. 545, 548 (D.C. Okl. 1979).**

Even if the failure to timely supplement was inadvertent error on the part of Plaintiff's counsel, or his office staff, "this is not the type of satisfactory explanation for which relief may be granted." **Geiserman v. Macdonald, 893 F.2d at 792** The Court went on to assert it's reasoning in very strong language:

> Regardless of Geiserman's intention, or inattention, which lead to the flouting of discovery deadlines, such delays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in the court proceedings. We will not lightly disturb a court's enforcement of those deadlines and find ono reason for doing so here. *Id.*

Thus, Plaintiff has failed to show that the failure to timely provide the evidence in question was either harmless or justified.

## IV.

## CONCLUSION

The plaintiff (1) has failed to comply the this Court's Scheduling Order;(2) has failed to timely provide financial information as required by Rule 26(a); and (3) has failed to timely supplement discovery responses in conformance with Rule 26(e)(2). These failures are neither harmless nor justified in any way. Wherefore, for all of the above reasons,

Defendant respectfully requests that Defendant's Motion to Exclude Evidence for Failure to Timely Supplement/Disclose, previously filed with this Court, be granted in all respects.

Respectfully submitted,

**DRABEK & ASSOCIATES**
1720 E. Harrison, Suite B
Harlingen, Texas 78550
956/ 428-4544 Telephone
956/ 428-4880 Facsimile

_____
JAIME A. DRABEK
Fed. I.D. No. 8643
SBOT: 06102410
*Counsel for Defendant, Wal-Mart Stores, Inc.*

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record by certified mail, return receipt requested, on this the 5th day of January, 2004, to-wit:

Mr. Frank Costilla
**Law Office of Frank Costilla, L.P.**
5 East Elizabeth Street
Brownsville, Texas   78520

*Via Fax No. 956/ 544-3152*

_____
Jaime A. Drabek