United States District Court
Southern District of Texas
FILED

JAN 1 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VIRGINIA CLIVE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-033 |
| | § | (Jury Requested) |
| WAL-MART STORES, INC. and | § | |
| WAL-MART STORES, TEXAS, L.P. | § | |

**MEMORANDUM OF LAW RELATING TO
MEDICAL RECORDS OF DR. JOSE G. DONES AND MOTION TO EXCLUDE
DEFENDANTS' CONTROVERTING EVIDENCE**

TO THE HONORABLE U.S. DISTRICT COURT:

NOW COMES PLAINTIFF VIRGINIA CLIVE and respectfully submits this memorandum of law and motion to exclude Defendant's controverting evidence in connection with the certain medical records, and in support thereof would show the court as follows, to-wit:

1. The Defendants in this case have informed the court of objections they intend to raise in connection with certain medical records Plaintiff intends to offer. Specifically, the medical records are the financial medical records from Dr. Jose G. Dones of the Harlingen Spine & Neurological Center.

2. Said records were properly proven up through the affidavit of Dr. Dones' records custodian, Gabriela Martinez, under the procedure outlined in Section 18.001 of the Texas Civil Practice and Remedies Code. The medical records are attached as <u>Exhibit 1</u> and the statute is attached as <u>Exhibit 2</u>. These records were furnished to Defendant on July 22, 2003. Defendants never filed a controverting affidavit relating to the reasonableness and necessity of the medical treatment provided by Dr. Dones. Said records were proven up once again

during the deposition of Dr. Alejandro Betancourt without objection.

3. Section 18.001(d-e) requires that a party opposing the records <u>must</u> file a controverting affidavit within a prescribed time period. The statute states in relevant part:

(d) The party offering the affidavit in evidence or the party's attorney must file the affidavit with the clerk of the court and serve a copy of the affidavit on each other party to the case at least 30 days before the day on which evidence is first presented at the trial of the case.

(e) A party intending to controvert a claim reflected by the affidavit must file a counteraffidavit with the clerk of the court and serve a copy of the counteraffidavit on each other party or the party's attorney of record:
(1) not later than:

(A) 30 days after the day he receives a copy of the affidavit; and
(B) at least 14 days before the day on which evidence is first presented at the trial of the case; or

(2) with leave of the court, at any time before the commencement of evidence at trial.

4. Consequently, Plaintiff's uncontroverted affidavit is sufficient to support a fact finding that Plaintiff's incurred medical expenses were reasonable and necessary.

5. Moreover, because Defendants never filed a controverting affidavit as required by Section 18.001 relating to the reasonableness and necessity of the medical treatment provided by Dr. Dones, Plaintiff moves this Court to exclude any evidence to the contrary which Defendant may intend to offer. Under the case of *Castillo v. American Garment Finishers Corp.*, 965 S.W.2d 646, 654 (Tex. App.–El Paso 1998, no pet), the provisions of Section 18.001 <u>preclude controverting evidence in the absence of a properly filed counter affidavit</u> in addition to allowing admissible evidence of the reasonableness and necessity of charges which would otherwise be inadmissible hearsay. *See also Sloan v. Molandes*, 32 S.W.3d 745, 752 (Tex. App.–Beaumont 2000, no pet.) (if no controverting affidavit is filed, the other party may not controvert the claim).

6. As a result of filing an uncontroverted affidavit relating to Dr. Dones' charges, Plaintiff does not represent that it is entitled to these charges as a matter of law, but only that such charges are admissible and that Defendants are precluded from contesting the charges.

WHEREFORE, Plaintiff prays that this Court allow the admission of the medical records at issue and preclude Defendants from offering any evidence or testimony to the contrary.

Respectfully submitted,
**LAW OFFICES OF FRANK COSTILLA, L.P.**
5 East Elizabeth Street
Brownsville, Texas   78520
Telephone     : (956) 541-4982
Facsimile      : (956) 544-3152

_____
**Frank Costilla**
State Bar No. 04856500
Federal I.D. No. 1509
**Alejandro J. Garcia**
State Bar No. 24004663
Federal I.D. No. 30411

## CERTIFICATE OF SERVICE

On this the 12th day of January 2004, a true and correct copy of the above and foregoing document was sent to all counsel involved in the manner indicated below:

Mr. Jaime A. Drabek
The Law Firm of Drabek & Associates
1720 East Harrison, Suite B
Harlingen, Texas   78550

_____
Alejandro J. Garcia

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **VIRGINIA CLIVE** | § | |
| | § | |
| | § | **CIVIL ACTION NO. B-03-033** |
| **VS.** | § | (Jury Requested) |
| | § | |
| | § | |
| **WAL-MART STORES, INC.** | § | |

**AFFIDAVIT**

Before me, the undersigned authority, personally appeared Gabriela Martinez, who, being by me duly sworn, deposed as follows:

My name is Gabriela Martinez. I am of sound mind and capable of making this affidavit.

I am the person in charge of records of JOSE G. DONES, M.D. Attached to this affidavit are copies of the medical records that provide an itemized statement of the service and the charge for the service that JOSE G. DONES, M.D. provided to VIRGINIA CLIVE, SSN: 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, DATE OF BIRTH: 07/21/34 on or after June 8, 2002. The attached records are part of this affidavit.

The attached records are kept by me in the regular course of business. The information contained in the records was transmitted to me in the regular course of business by JOSE G. DONES, M.D. or an employee or representative of JOSE G. DONES, M.D. who had personal knowledge of the information. The records were made at or near the time or reasonably soon after the time that the service was provided. The records are the original or an exact duplicate of the original.

The service provided was necessary and the amount charged for the service was reasonable at the time and place that the service was provided in the amount of $24,426.93

_____
AFFIANT

SWORN TO AND SUBSCRIBED before me on the __3__ day of __March__, 2003.

_____
Notary Public, State of Texas
My Commission Expires: __11-14-05__

Notary's printed name:

__MARY F. VASQUEZ__

MARY F. VASQUEZ
Notary Public, State of Texas
My Commission Expires
11-14-2005

# AUTHORITY TO RELEASE MEDICAL INFORMATION

TO WHOM IT MAY CONCERN:

I, __Virginia Clive__, hereby authorize and permit any person, firm, or entity to release to the __Law Offices of Frank Costilla. 5 East Elizabeth Street. Brownsville, Texas 78520__ or their authorized representative, any and all of the matters enumerated below that pertain to __virginia Clive__, born on __07-21-1934__; Social Security No. __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__. The matters to be released and/or discussed pursuant to this authorization are the following: any laboratory slides, clinical abstracts, histories, charts, x-rays and other information, documents, and opinions relevant to past, present, or future physical, emotional or cognitive condition, treatment, care, or hospitalizations.

This authorization revokes any and all prior authorizations previously given to any other person, firm, organization or agency.

A copy of this authorization is agreed by the undersigned to have the same effect and force as an original and should be honored as if it were an original. Any person, firm, or entity that release matters pursuant to this authorization is hereby absolved from any liability that might otherwise result from the release of those matters.

_Virginia H Clive_ (signature)

This instrument was acknowledged before me on the __10th__ day of __February__, 200_3_.

_Rosalinda M. Garza_ (signature)
Notary Public, State of Texas
Printed Name: __Rosalinda M. Garza__
My Commission Expires: __06-27-2005__

ROSALINDA M. GARZA
Notary Public, State of Texas
My Commission Expires
06-27-2005

Jose G. Dones Vazquez M.D., P.
# Patient Ledger
Sorted By: Case Number

| Entry | Date | POS | Description | Case | Procedure | Document | Provider | Amount |
|---|---|---|---|---|---|---|---|---|
| CLIVI000 | VIRGINIA CLIVE | | (956)233-4341 | | | | | |
| | Last Payment: | -30.60 | On: 12/19/2002 | | | | | |
| 539 | 9/25/2002 | 11 | | 133 | 99244 | 1916 | JD | 380.00 |
| 813 | 11/12/2002 | | | 133 | BNOTE | 1916 | JD | 0.00 |
| 1158 | 11/25/2002 | | | 133 | | 1916 | JD | -86.11 |
| 1159 | 11/25/2002 | | | 133 | | 1916 | JD | -272.36 |
| 1493 | 12/19/2002 | | | 133.UP | | 1916 | JD | -30.60 |
| 2672 | 2/10/2003 | | Patient statement was billed | 133 | BNOTE | 1916 | JD | 0.00 |
| 216 | 10/9/2002 | 11 | | 207 | 99215 | 1985 | JD | 250.00 |
| 614 | 11/11/2002 | | | 207 | | 1985 | JD | -86.11 |
| 615 | 11/11/2002 | | | 207 | | 1985 | JD | -142.36 |
| 1199 | 11/25/2002 | | | 207.UP | | 1985 | JD | -21.53 |
| 1831 | 1/3/2003 | 21 | | 504 | 63075 | 987756749 | JD | 5966.00 |
| 1832 | 1/3/2003 | 21 | | 504 | 63076 | 987756749 | JD | 2250.00 |
| 1833 | 1/3/2003 | 21 | | 504 | 20930 | 987756749 | JD | 950.00 |
| 1834 | 1/3/2003 | 21 | | 504 | 22846 | 987756749 | JD | 6530.00 |
| 1835 | 1/3/2003 | 21 | | 504 | 69990 | 987756749 | JD | 1100.00 |
| 1836 | 1/3/2003 | 21 | | 504 | 63076 | 987756749 | JD | 2250.00 |
| 1837 | 1/3/2003 | 21 | | 504 | 22554 | 987756749 | JD | 5390.00 |
| 1854 | 1/7/2003 | | | 504 | BNOTE | 987756749 | JD | 0.00 |
| 2673 | 2/10/2003 | | Patient statement was billed | 504 | BNOTE | 987756749 | JD | 0.00 |
| | | | | | | | Patient Total | $24,426.93 |

# EXHIBIT 2

TX CIV PRAC & REM § 18.001 Page 1
V.T.C.A., Civil Practice & Remedies Code § 18.001

C
VERNON'S TEXAS STATUTES AND CODES ANNOTATED
CIVIL PRACTICE AND REMEDIES CODE
**TITLE 2. TRIAL, JUDGMENT, AND APPEAL**
SUBTITLE B. TRIAL MATTERS
**CHAPTER 18. EVIDENCE**
SUBCHAPTER A. DOCUMENTARY EVIDENCE
§ 18.001. Affidavit Concerning Cost and Necessity of Services

(a) This section applies to civil actions only, but not to an action on a sworn account.

(b) Unless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

(c) The affidavit must:

   (1) be taken before an officer with authority to administer oaths;

   (2) be made by:

      (A) the person who provided the service; or

      (B) the person in charge of records showing the service provided and charge made; and

   (3) include an itemized statement of the service and charge.

(d) The party offering the affidavit in evidence or the party's attorney must file the affidavit with the clerk of the court and serve a copy of the affidavit on each other party to the case at least 30 days before the day on which evidence is first presented at the trial of the case.

(e) A party intending to controvert a claim reflected by the affidavit must file a counteraffidavit with the clerk of the court and serve a copy of the counteraffidavit on each other party or the party's attorney of record:

   (1) not later than:

      (A) 30 days after the day he receives a copy of the affidavit; and

      (B) at least 14 days before the day on which evidence is first presented at the trial of the case; or

   (2) with leave of the court, at any time before the commencement of evidence at trial.

(f) The counteraffidavit must give reasonable notice of the basis on which the party filing it intends at trial to

TX CIV PRAC & REM § 18.001                                                                                           Page 2
V.T.C.A., Civil Practice & Remedies Code § 18.001

controvert the claim reflected by the initial affidavit and must be taken before a person authorized to administer oaths. The counteraffidavit must be made by a person who is qualified, by knowledge, skill, experience, training, education, or other expertise, to testify in contravention of all or part of any of the matters contained in the initial affidavit.

CREDIT(S)

Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985. Amended by Acts 1987, 70th Leg., ch. 167, § 3.04(a), eff. Sept. 1, 1987.

<General Materials (GM) - References, Annotations, or Tables>

REVISOR'S NOTE

1997 Main Volume

(1) The word "institution" is omitted from the revised law as included in the Code Construction Act (V.A.C.S. Article 5429b-2) definition of "person."

(2) Section 2 of the source law is omitted as unnecessary because it provided for the prospective application of the Act.

HISTORICAL AND STATUTORY NOTES

1997 Main Volume

The 1987 amendment, to conform to Acts 1985, 69th Leg., ch. 617, in subsec. (d), extended the time for serving the affidavit from 14 to 30 days; in subsec. (e) extended the time for serving a counteraffidavit from 10 to 30 days and added the limit of 14 days before the day on which evidence is first presented at the trial; and, in subsec. (f), established qualifications for persons making counteraffidavits.

**Prior Laws:**
Acts 1979, 66th Leg., p. 1778, ch. 721.
Vernon's Ann.Civ.St. art. 3737h.

LAW REVIEW COMMENTARIES

Affidavits concerning cost and necessity of services: Irreconcilable differences? Linda L. Addison, 49 Tex.B.J. 1030 (1986).

Annual survey of Texas law: Civil procedure. Ernest E. Figari, Jr., 34 Sw.L.J. 415 (1980).

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works