IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VIRGINIA CLIVE | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-033 |
| WAL-MART STORES TEXAS, LP | § | |

## MEMORANDUM OF LAW

Comes now Defendant Wal-Mart Stores Texas, LP, Inc. and presents its Memorandum of Law regarding the issue of "the collateral source rule" and its application and would show the court as follows:

I.

### BACKGROUND

In the present case, the Plaintiff is a sixty-nine-year-old woman who claims damages for injuries allegedly sustained due to Defendant's negligence. In addition to other alleged damages, Plaintiff is claiming loss of future income. Plaintiff claims that she works a reduced work schedule because she is disabled from her injuries. Defendant would ask the Court to take judicial notice of the fact that a Plaintiff was entitled to full social security benefits at the age of sixty-five. Further, Defendant would show that Plaintiff elected to take social security benefits in 2001, prior to the accident at the Wal-Mart store in question. Defendant would also show that Plaintiff's work records indicate that she is working three days per week, eight hours per day at the hourly rate of $15.00 per hour. Plaintiff claims that she would be working a full work schedule but for the alleged injury.

1

Defendant seeks to introduce evidence that Plaintiff is working a reduced work schedule in order not to reduce or jeopardize her social security benefits. Defendant contends that such evidence, because it is inconsistent with Plaintiff's testimony is relevant and material and falls within the exception to the "collateral source rule."

## II.

## THE COLLATERAL SOURCE RULE AND ITS PURPOSE

Defendant concedes that, generally, information concerning collateral sources, such social security or worker's compensation benefits, is inadmissable in a suit against a third-party tortfeasor because it is immaterial and would tend to confuse or mislead the jury in trying the issues of the third-party's liability. ***J.R. Beadel and Co. v. De las Garza*, 690 S.W.2d 71,74 (Tex. App. - Dallas 1985, writ ref'd n.r.e)**. However, the theory behind the collateral source rule is that a wrongdoer should not have the benefit of insurance other such benefits independently procured by the injured party and to which the wrongdoer was not privy. ***Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931, 934 (Tex., cert. den. 449 U.S. 1015 (1980)**. The rule is in place to prevent the jury from reducing the amount of actual damages by the amount of the collateral sources. ***Mundy v. Shipper, Inc.,* 783 S.W.2d 743, 745 (Tex. App. Houston [14th Dist.] 1990, writ den.)**

## III.

## THE EXCEPTION TO THE COLLATERAL SOURCE RULE

As stated in ***Padilla v. Sidney*, 2000 W.L. 1532847, slip op. at 2, (Tex. App. - San Antonio):**

> As with many rules of law, there is an exception to the collateral source rule. If a plaintiff claims financial hardship,

2

evidence of a collateral source may be offered to impeach the credibility of the witness.

Accord: *Macias v. Ramos*, 917 S.w.2d 371, 374 (Tex. App. - San Antonio 1996, no writ); *Castro v. U.S. Natural Resources., Inc.*, 880 S.W.2d 62, 67 (Tex. App. - San Antonio 1994, writ den.)

Thus, there is an exception to the rule whereby collateral source evidence is admissible for impeachment purposes when a witness has "opened the door" by giving testimony inconsistent with the receipt of benefits. *J.R. Beadel,* 690 S.W.2d at 74; *Riggins v. Broach Stations, Inc.*, 1996 W.L. 50596 (Tex. App. - Houston [14th Dist.]) **(not designated for publication).** For example, when a plaintiff testifies he is penniless or impoverished, as contrasted by testifying that he needs to work to support himself, the former is inconsistent with the receipt of benefits. *Exxon Corp. v. Shuttlesworth*, 800 S.w.2d 902, 907 (Tex. App. - Houston [14th Dist.] 1990, no writ.

Collateral benefits, to the extent that they are inconsistent with the position the claimant has taken in a case, are admissible to rebut the claimant's testimony that he or she suffered a subsequent injury. *Twin City Fire Insurance Co. v. Gibson,* 488 S.W.2d 565 (Tex. Civ. App. - Amarillo 1972, writ ref'd. n.r.e); *Lauderdale v. Insurance Co. of North America,* 527 S.W.2d 841 (Tex. Civ. App. - Fort Worth 1975, writ ref'd n.r.e.), *Northwestern National Insurance Co. v. Kirchoff,* 427 S.W.2d 638 (Tex. Civ. App. - Houston [14th Dist.] 1968, no writ).

Some examples of cases wherein collateral source evidence was allowed into evidence are as follows: *Castro v. U.S. Natural Resources Inc.*, 880 S.W.2d 62,67 (Tex. App. - San Antonio 1991, writ den.) (wherein the fact that worker's compensation benefits

were received could be utilized to impeach plaintiff's testimony that he was concerned about paying bills); **Johnson v. Reed, 464 S.W.2d 689, 693 (Tex. App. - Dallas 1971), cert. den. 405 U.S. 981 (1972)** (wherein evidence of collateral benefits were admitted when plaintiff testified she had to work to support her daughter); **Mundy v. Shippers, Inc., 783 S.W.2d 743 (Tex. App. - Houston [14th Dist] 1990, writ den.)** (wherein testimony regarding inability to pay bills warranted the introduction of evidence regarding receipt of collateral benefits.

In determining the propriety of allowing evidence of collateral sources, in those cases where the actual amount received by the claimant is not revealed, but only the fact that benefits were applied for, further strongly bolsters the admissibility of the evidence. For example, in **Watkins v. Charter Oak Fire Insurance Co., 592 S.W.2d 50, 50 (Tex. App. - Texarkana 1979)**, the court stated:

> We have concluded that the evidence was properly admitted in the circumstances of this case. Since it did not reveal any amounts Mr. Watkins had received . . . , the admission of such evidence did not violate the rule applied in St. Paul Fire & Marine Insurance Co. v. Murphree, supra. And while the benefits, if any, which Mr. Watkins received from parties other than Charter Oak would be inadmissible under the collateral source rule, yet his Claims for such benefits, to the extent that they are inconsistent with the position he has taken in this case, are admissible to rebut his testimony that he in fact suffered the subsequent injury.

Thus Defendant contends that the evidence of social security benefits is admissible to impeach Plaintiff's inconsistent position in regard to her working reduced hours. Further, there can be no confusion on the jurors' part in regard to any mitigation of damages, as Defendant does not seek to admit the amounts that Plaintiff is receiving, but only the fact that if Plaintiff worked a full schedule she would be in danger of a reduction in this benefits as a result. Plaintiff's position that she would work full time but for the accident is

inconsistent with such evidence.

WHEREFORE FOR ALL OF THE ABOVE REASONS, Defendant respectfully submits this Memorandum of Law in Support of its position regarding the admission of evidence of Plaintiff's receipt of social security benefits.

Respectfully submitted,

**DRABEK & ASSOCIATES**
1720 E. Harrison, Suite B
Harlingen, Texas 78550
956/ 428-4544 Telephone
956/ 428-4880 Facsimile

_____
JAIME A. DRABEK
Fed. I.D. No. 8643
SBOT: 06102410
*Counsel for Defendant, Wal-Mart Stores, Inc.*

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record by certified mail, return receipt requested, on this the 12th day of January, 2004, to-wit:

Mr. Frank Costilla                                              ***Via Hand Delivery***
**Law Office of Frank Costilla, L.P.**
5 East Elizabeth Street
Brownsville, Texas  78520

_____
Jaime A. Drabek

5