United States District Court
Southern District of Texas
FILED

JAN 1 3 2004

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| VIRGINIA CLIVE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-033 |
| | § | (Jury Requested) |
| WAL-MART STORES, INC. and | § | |
| WAL-MART STORES, TEXAS, L.P. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM OF LAW
RELATING TO ADMISSIBILITY OF COLLATERAL SOURCE**

TO THE HONORABLE U.S. DISTRICT COURT:

NOW COMES PLAINTIFF VIRGINIA CLIVE and respectfully submits her response to Defendants' memorandum of law on the issue of collateral source evidence and for reasons identified below would show the court that Defendants' request to admit evidence of collateral source evidence should be excluded.

1. Defendants' Memorandum of Law on the collateral source rule provides absolutely no legal basis for the introduction of collateral source evidence based on the facts of this case. Defendants' cites are to cases where a plaintiff has claimed financial hardship thereby triggering an exception to the collateral source rule for purposes of impeachment. Plaintiff is not making such a claim and has not subjected herself to impeachment since she has yet to testify.

2. After citing to the collateral source rule and the basis for such rule which is to prevent the jury from reducing the amount of actual damages by the amount of the collateral sources, the Defendants make a misguided attempt to show this Court that the exception to the rule would be applicable in this case.

3.     The exception to the rule allows for the introduction of collateral sources when (1) a witness has opened the door by giving testimony inconsistent with the receipt of benefits or (2) if a plaintiff is claiming financial hardship.

4.     Because the witness, or in this case the Plaintiff, has not "opened the door," Defendants' request to allow such evidence is premature.

5.     Additionally, the Defendants' notion that Mrs. Clive is claiming financial hardship is unsupported by the facts of this case. <u>The distinction being that Plaintiff is not claiming financial hardship, but rather, she is claiming that she has a diminished capacity to work in the future in the profession which she loves</u>. Plaintiff has not taken a position inconsistent with the receipt of collateral source benefits such as social security benefits. Moreover, even if she could work enough hours in the future such that she would begin to lose benefits, that would be her prerogative, but it does not equate to an inconsistent statement that would trigger the exception to the collateral source rule.

WHEREFORE, Plaintiff requests that Defendants' evidence of collateral sources be excluded.

Respectfully submitted,

**LAW OFFICES OF FRANK COSTILLA, L.P.**

5 East Elizabeth Street

Brownsville, Texas   78520

Telephone       : (956) 541-4982

Facsimile       : (956) 544-3152

**Frank Costilla**

State Bar No. 04856500

Federal I.D. No. 1509

**Alejandro J. Garcia**

State Bar No. 24004663

Federal I.D. No. 30411

<u>CERTIFICATE OF SERVICE</u>

On this the 13th day of January 2004, a true and correct copy of the above and foregoing document was sent to all counsel involved in the manner indicated below:

Mr. Jaime A. Drabek

The Law Firm of Drabek & Associates

1720 East Harrison, Suite B

Harlingen, Texas  78550

Alejandro J. Garcia

**Page 3**