IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

United States District Court
Southern District of Texas
FILED

JAN 1 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VIRGINIA CLIVE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-033 |
| | § | |
| WAL-MART STORES, INC and | § | |
| WAL-MART STORES, TEXAS, L.P. | § | |

**FINAL JURY INSTRUCTIONS, CHARGE, AND VERDICT FORM**

## DEFINITIONS FOR QUESTION NO. 1

"Negligence," when used with respect to the conduct of Wal-Mart is defined as follows. With respect to the condition of the premises, Wal-Mart was negligent if: (a) the child's vomit posed an unreasonable risk of harm; and (b) Wal-Mart knew or reasonably should have known of the danger; and (c) Wal-Mart failed to exercise ordinary care to protect Virginia Clive from the danger, by both failing to adequately warn Virginia Clive of the child's vomit and failing to make that condition reasonably safe.

"Negligence," when used with respect to the conduct of Virginia Clive, means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

"Ordinary care," when used with respect to Wal-Mart as an owner or occupier of a premises, means that degree of care that would be used by an owner or occupier of ordinary prudence under the same or similar circumstances.

"Ordinary care," when used with respect to the conduct of Virginia Clive, means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

## QUESTION NO. 1

Did the negligence, if any, of those named below proximately cause the occurrence in question?

## ANSWER TO QUESTION NO. 1

Answer "Yes" or "No" for each of the following:

a. Wal-Mart        Yes

b. Virginia Clive  Yes

## INSTRUCTIONS FOR QUESTION NO. 2

If you have answered "Yes" to Question No. 1 for more than one of those named below, then answer the following question. Otherwise, do not answer the following question, and proceed directly to Question No. 3 on page six (6).

## QUESTION NO. 2

What percentage of negligence that caused the occurrence do you find to be attributable to each of those listed below and found by you, in your answer to Question No. 1, to have been negligent?

(The percentage you find must total 100 percent. The percentages must be expressed in whole numbers. The negligence attributable to any one named below is not necessarily measured by the number of acts or omissions found.)

### ANSWER TO QUESTION NO. 2

a.  Wal-Mart          __90__ %

b.  Virginia Clive    __10__ %

    TOTAL             100    %

5

## INSTRUCTIONS FOR QUESTION NO. 3

Answer Question No. 3 if you answered "Yes" in Question No. 1 for Wal-Mart and:

a. "No" for Virginia Clive in Question No. 1, or

b. 50 percent or less for Virginia Clive in Question No. 2.

If the plaintiff has proven her claim against the defendant by a preponderance of the evidence, you must determine the damages, if any, to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered. Compensatory damages are not limited to expenses that the plaintiff may have incurred because of her injury. If the plaintiff wins, she is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that she has suffered because of the defendant's conduct.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

    a.    Physical pain and mental anguish;

    b.    Loss of earnings and earning capacity;

    c.    Disfigurement;

    d.    Physical Impairment;

    e.    Medical care.

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages that you find.

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Virginia Clive.

Do not include any amount for any condition not resulting from the occurrence in question.

Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the occurrence in question.

## QUESTION NO. 3

What sum of money, if paid now in cash, would fairly and reasonably compensate Virginia Clive for her injuries, if any, that resulted from the occurrence in question?

## ANSWER TO QUESTION NO. 3

Answer separately, in dollars and cents, for damages, if any:

    a.    Physical pain and mental anguish sustained in the past.

        Answer: _50,000.00_

    b.    Physical pain and mental anguish that, in reasonable probability, Virginia Clive will sustain in the future.

        Answer: _50,000.00_

c. Loss of earnings sustained in the past.

Answer: 15,000.00

d. Loss of earning capacity that, in reasonable probability, Virginia Clive will sustain in the future.

Answer: 125,000.00

e. Disfigurement sustained in the past.

Answer: 5,000.00

f. Disfigurement that, in reasonable probability, Virginia Clive will sustain in the future.

Answer: 5,000.00

g. Physical impairment sustained in the past.

Answer: 100,000.00

h. Physical impairment that, in reasonable probability, Virginia Clive will sustain in the future.

Answer: 100,000.00

i. Medical expenses sustained in the past.

Answer: 100,000.00

j. Medical expenses that, in reasonable probability, Virginia Clive will sustain in the future.

Answer: 50,000.00

8

Signed in Brownsville, Texas, this 15th day of January 2004.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

## CERTIFICATE

We, the jury, have answered the above and foregoing special issues in the manner indicated in this verdict form, and return these answers to the Court as our verdict.

(To be signed by the foreperson if unanimous.)

_Margarita Fern_      _01-16-04_
FOREPERSON      DATE

(To be signed by those rendering the verdict if not unanimous.)

[signatures of jurors]