

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 0 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VIRGINIA CLIVE | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO: B-03-033 |
| | § | |
| WAL-MART STORES, INC. AND | § | |
| WAL-MART STORES, TEXAS, LP | § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR
## ENTRY OF JUDGMENT AND PROPOSED FINAL JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **WAL-MART STORES, INC. AND WAL-MART STORES, TEXAS, LP**, Defendant in the above entitled and numbered cause and makes and files this its Response to Plaintiff's Motion for Entry of Judgment and proposed Final Judgment, and would respectfully show the following:

1.   ***General Objection to Plaintiff's Proposed Judgment.***

The Plaintiff has submitted a proposed Final Judgment which is but two sentences long and orders the Defendant to pay the sum of $540,000.00.  Neither plaintiff's Motion for Entry of Judgment nor her proposed Final Judgment explains how this figure was arrived at or calculated.  There is no explanation as to how pre-judgment interest was calculated or how plaintiff took into account the jury's finding of ten (10%) negligence on her.

Rule 58(a) requires that every Judgment be set forth on a separate document.  The

Page 1

Court ultimately controls the form in which the Final Judgment is to take. In order for the Defendant to intelligently respond prior to the entry of judgment and/or in a motion to reform the Judgment after it is entered, the plaintiff must explain how they arrived at the ultimate figure in the Final Judgment.

2.      **Specific Objections to the Plaintiff's proposed Final Judgment.**

There are five elements of damage that were submitted to the Jury that are in dispute post-verdict. They are the amounts awarded for past and future medicals, the amount awarded for loss of earning capacity in the future, the amount awarded for lost earnings in the past, and the amount awarded for physical impairment in the future. For purposes of Defendant's response, defendant assumes that the amounts awarded by the Jury for each of these elements is incorporated in the Final Judgment proposed by the plaintiff ($540,000.00).

A.      *The jury award of $100,000.00 for medical expenses in the past is incorrect and not supported by the evidence.*

Plaintiff's counsel asked the Jury to award $100,486.05 for reasonable and necessary expenses incurred in the past.   The Jury awarded $100,000.00. However, the amount awarded by the Jury included the purported surgeon's bill of Dr. Jose G. Dones Vasquez of $24,496.93. Dr. Vasquez was the assistant surgeon to Chief Surgeon, Dr. Alejandro Betancourt. Dr. Betancourt testified live at trial. On cross-examination by defense counsel, Dr. Betancourt was asked about the amount of this bill as compared to his own of some $23,000.00.   He testified without objection that Dr. Vasquez' bill was only 20% of the $24,496.93.

In order to enter the proper amount for plaintiff's medical expenses in the

past, the following arithmetic is in order:

|   |   |
|---|---|
|   | $ 100,000.00 |
| - | $  24,496.93 |
|   | $  75,503.07 |
| + | $   4,899.38 |
|   | $  80,402.45 |
| + | $     486.05 |
| **TOTAL** | $  80,888.50 |

The figure of $4,899.38 is exactly 20% of Dr. Vasquez's bill of $24,496.93. The

correct figure for medical expenses in the past based upon the evidence is $80,888.50.

**B.    The Jury Award of $50,000.00 for medical expenses in the future is not
supported by the evidence.**

To recover for future medical expenses, the plaintiff must show that there is

a reasonable probability that expenses occasioned by the injury will be necessary

in the future. *Roberts v. Williamson, 52, S.W.3d 343, 350 (Tex. App. - Texarkana*

*2001, pet. filed).* To do so, the plaintiff must prove two distinct elements:

a.    Reasonable Probability of Occurrence.

The plaintiff must offer evidence that in reasonable probability he will

incur medical expenses in the future. *See K Mart Corp. v. Thyne,*

*932 S.W.2d 140, 144 (Tex. App. - Texarkana 1996, no writ);*

*Williams Distributing Co. v. Franklin, 884 S.W.2d 503, 510-11*

*(Tex. App. - Dallas 1994), aff'd in part, rev'd in part on other*

*grounds, 898 S.W.2d 816 (Tex. 1995)* . Reasonable probability

means more likely than not, or greater than a 50% chance. *See*

*Fibreboard Corp. v. Pool, 813 S.W.2d 658, 681-82 (Tex. Texarkana*

*1991, writ denied)*.

b.    Amount

The plaintiff must prove the probable reasonable amount of the future

medical expenses. ***Williams Distributing Co., 884 S.W.2d at 510.***

At the trial of this case, there was no evidence offered that there was a reasonable

probability that the plaintiff would incur medical expenses in the future nor what that

amount might be.  Consequently, the Jury was allowed to speculate as to this element.  A

plaintiff cannot recover damages that are speculative or conjectural or based upon a guess

or surmise. ***See Barbouti v. Munden, 866 S.W.2d 288, 296 (Tex. App.-Houston [14th***

***Dist.] 1993, writ denied).  Haynes & Boone v. Bowser Bouldin, Ltd., 896 S.W.2d 179,***

***182 (Tex. 1995)***.

### C.    The Jury's Award of $125,000.00 for loss of earning capacity in the future is not supported by the evidence.

The level of proof necessary to support a finding of lost earning capacity

especially a finding of lost future earning capacity varies according to the facts of

the case.  In ***Bonney v. San Antonio Transit Co., 325 S.W.2d 117 (Tex. 1959)***,

the Texas Supreme Court simply stated that a plaintiff "must prove the amount of

recovery for lost earning capacity requires a showing of physical impairment. *Metropolitan Life Ins. Co. V. Haney, 987 S.W.2d 236 (Tex. App.-Houston [14[th] Dist.] 1999).*

The overwhelming weight and degree of credible evidence fails to support the jury's award for this particular element. First, her employer in a letter contained within her employment records set out in detail the seven (7) duties associated with Mrs. Clive's job at the Adult Day Care Center. The treating surgeon, Dr. Alejandro Betancourt, testified that based upon his last examination of Mrs. Clive, she was capable of performing all seven (7) duties. Second, Mrs. Clive is approaching her 70th birthday. In evidence are the United States Government Work Life Tables which demonstrate that Mrs. Clive has already reached and surpassed her work life expectancy. Third, Mrs. Clive testified (as did her employer) that she is continuing to work as an L.V.N. albeit 3 days a week as opposed to 4 days as she did before the accident. Her employer testified that she would "always have a job" and "for as long as she wanted it."

### D. The Jury's Award of $15,000.00 for loss of earning capacity in the past is not supported by the evidence.

The proper measure of damages in a personal injury case is not lost earnings, but rather loss of past and future earnings capacity. *See Dallas Ry. & Terminal Co. V. Guthrie, 210 S.W.2d 550, 552 (Tex. 1948); T. J. Allen Distributing Co. V. Leatherwood, 648 S.W.2d 773, 774 (Tex. App. - Beaumont 1983, writ ref'd n.r.e.); City of Cleburne v. Trussell, 10 S.W.3d 407, 410 (Tex. App. - Waco 2000, no pet.)* Technically, lost actual earnings are merely evidence of the ultimate issue loss of earning capacity. *See McIver v. Gloria, 140 Tex. 566,*

*169 S.W.2d 710, 712 (1943); see also Lubbock County v. Strube, 953 S.W.2d 847, 856 (Tex. App.-Austin 1997, n.w.h.)* ("[P]roof of lost wages is evidence of loss of future earning capacity.")

Nothing precludes a plaintiff from attempting to recover lost actual earnings, as opposed to lost past earning capacity. Texas appellate courts have allowed plaintiffs to recover lost past earnings, particularly where the defendant does not object to a jury charge submitting lost earnings as an element of damages. *See Tucker v. Lightfoot, 653 S.W.2d 587, 591-92 (Tex. App.-San Antonio 1983, no writ)*.

But if a plaintiff attempts to recover his actual lost earnings, he will bear a greater burden of proof than he would to recover lost earning capacity. *T. J. Allen, 648 S.W.2d at 775. See also Beneficial Personnel Serv. Of Tex., Inc. V. Rey, 927 S.W.2d 157, 176 (Tex. App.-El Paso 1996, vacated)* ("The burden of proof for lost earnings is greater than that for loss of earning capacity.") A reviewing court has more latitude in reviewing the record for evidence of lost earning capacity than when reviewing the record for evidence of actual lost earnings.

At trial, plaintiff's evidence and argument was nothing more than an attempt to recover what she claimed to be actual lost earnings. The actual lost earnings claimed by the plaintiff cannot stand up to scrutiny under the evidence submitted in this case. From June 8, 2002 through April 2003, the plaintiff claims that she missed a total of 104 days of work due to injury. The evidence in her personnel and payroll records demonstrate that she missed only 54 days. Those days are as follows:

Page 6

| | |
|---|---|
| Immediately following incident: | June 10, 11, & 12, 2002 |
| Plaintiff quit working: | December 12, 2003 |
| Did not work: | December 13, 16, 17, 18, 19, 20, 23, 24, 25, 26, 27, 30 & 31, 2002 |
| Surgery: | January 3, 4, 5, 6, & 7, 2003 |
| Did not work: | January 13 through March 21, 2003 |
| Released back to work: | March 21, 2003 |
| Returned to work: | April 18, 2003 |

Based upon her payroll records, Mrs. Clive missed a total of 54 days which at 8 hours a day and at $15.00 an hour comes to $6,480.00 as opposed to the Jury's award of $15,000.00.

### E.    The Jury's Award of $100,000.00 for physical impairment in the future is not supported by the evidence.

Physical impairment is an appropriate element of damages where the plaintiff proves that the effect of his physical impairment extends beyond any impediment to his earning capacity, and beyond any pain and suffering, to the extent that it produces a separate and distinct loss that is substantial and should be compensated. *See Lege v. Jones, 919 S.W.2d 870, 877 (Tex. App.-Houston [14th Dist.] 1996, no writ)* (evidence was sufficient to support award for physical impairment where the plaintiff testified that he had lost some feeling in his hands and had recurring prostate problems, forgetfulness, mental confusion and depression).

Physical impairment includes the plaintiff's inability to enjoy his former

Page 7

lifestyle, which extends beyond a loss of earning capacity and beyond pain and suffering. *Wal-Mart, Inc. v. Holland, 956 S.W.2d 590, 599 (Tex. App.-Tyler 1997), rev'd on other grounds, S.W.2d (Tex. April 30, 1998) (WL 207905). See Southern Pac. Transp. Co. v. Harlow, 729 S.W.2d 946, 950-51 (Tex. Corpus Christi 1987), writ denied, 745 S.W.2d 320 (Tex. 1988)*.

Mrs. Clive's unproven and self-serving statements regarding what she can and cannot do is refuted by the only competent evidence. The only competent evidence of Mrs. Clive's physical impairment came from her surgeon Dr. Alejandro Betancourt. The only restriction that he placed on Mrs. Clive after her surgery and rehabilitation was not to lift heavy objects. Indeed, he testified that she could return to her regular duties as an L.V.N. at an Adult Day Care Center. None of those duties included lifting heavy objects either before or after her accident. According to the doctor, she is capable of driving a car, working her job and even bowling should she choose to do so. Physical impairment is measured by an individual's ability to do the tasks of everyday living and not self-serving statements to the contrary.

WHEREFORE, Defendant respectfully prays that the Court conduct a hearing in open court on Plaintiff's Motion for Entry of Judgment and that after due consideration of same and the response filed by the Defendant, that the Court enter a Judgment in the amount of $267,631.65 ($297,368.50 minus $29,736.85) exclusive of interest and costs.

Page 8

Respectfully submitted,

**DRABEK & ASSOCIATES**
1720 E. Harrison, Suite B
Harlingen, Texas   78550
Telephone: 956/ 428-4544
Facsimile: 956/ 428-4880


Jaime A. Drabek
Federal I.D. No. 8643
SBOT: 06102410
Attorneys for Defendant
*Wal-Mart Stores, Inc. and Wal-Mart Stores, East, LP*


# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion for Physical Examination was mailed to all counsel of record by certified mail and/or hand delivery, return receipt requested, on this the _____10th_____ day of February, 2003 to:

Mr. Frank Costilla                      ***Via Fax No. 956/ 544-3152***
**Law Office of Frank Costilla, L.P.**       ***and via regular mail***
5 East Elizabeth Street
Brownsville, Texas   78520


Jaime A. Drabek

Page 9