48

United States District Court
Southern District of Texas
FILED

FEB 2 0 2004

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| VIRGINIA CLIVE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-033 |
| | § | (Jury Requested) |
| WAL-MART STORES, INC. and | § | |
| WAL-MART STORES, TEXAS, L.P. | § | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
MOTION FOR ENTRY OF JUDGMENT**



TO THE HONORABLE U.S. DISTRICT COURT:

NOW COMES PLAINTIFF VIRGINIA CLIVE and respectfully replies to Defendant's response to the Motion for Entry of Judgment filed by Plaintiff, and in support thereof would show the court as follows, to-wit:

**Proposed Judgment**

1.    Plaintiff filed her Motion for Entry of Judgment and a proposed final judgment on January 22, 2004. Federal Rule of Civil Procedure 58 directs that the attorneys shall not submit their own forms of judgment except upon the court's direction. However, in this case the Court directed Plaintiff to prepare and submit a judgment which she did. The judgment is in proper form and accurately reflects the jury's verdict in the case.

2.    Defendant's general objections to the form of the judgment are without merit. Defendant received a copy of Plaintiff's Motion for Entry of Judgment which explains in detail how the judgment amount was calculated and how pre and postjudgment interest will be calculated.

3.    In response to Defendant's specific objections to the jury's verdict awards, the Court of

Appeals for the Fifth Circuit has discussed its adherence to the highly stringent standard of review employed to determine whether or not a jury's damage award will be disturbed. In *Bartholomew v. CNG*, 832 F.2d 326 (5th Cir. 1987), the Court stated:

> This Court will overturn a jury verdict for inadequacy only upon the **strongest of showings**. In reviewing the damage award, this Court is limited to determining whether the trier of fact abused its discretion. Moreover, damage awards will only be overturned in exceptional cases where such awards are so gross as to be contrary to right reason.

*Id.* at 331 (citations omitted; emphasis added). In the present case and in Defendant's response to Plaintiff's motion for entry of judgment, Defendant is unable to identify "the strongest of showings" necessary to disturb the jury's verdict and Plaintiff maintains her position to have judgment entered as proposed.

### Past Medical Expenses

4.    Plaintiff presented legally and factually sufficient evidence to support the elements of past and future medical expenses. For past medical expenses, the necessity of medical expenses and the reasonableness of the charge can be established by affidavit. TEX. CIV. PRAC. & REM. CODE ANN. 18.001 (Vernon 2003). In this case, the reasonableness and necessity of the charges by Dr. Betancourt and Dr. Dones were not only established through affidavit, but were also established through the live testimony of Dr. Alejandro Betancourt. During Dr. Betancourt's cross examination, Defendant's counsel solicited an improper reference to a collateral source and Dr. Betancourt explained how a patient's claims are submitted to an insurer, but he **never** contradicted his previous testimony that Dr. Dones' charges were reasonable and necessary.[1] The manner in which a physician

---

[1] Defendant incorrectly states that Dr. Betancourt testified that Dr. Dones' charges were only 20% of the $24,496.63 charged. That was not the testimony. Rather, Dr. Betancourt identified a percentage range that the insurer would likely pay.

bills an insurance company and the percentage that the insurance company decides it will pay for the claim are matters that are not at all pertinent to this lawsuit despite Defendant's best efforts to create a red herring. It is improper for Defendant to use an insurance company's policy relating to payment for claims as a basis to strike or diminish the jury's award for past medical expenses and Defendant cites no authority to support his position. Accordingly, the $100,000 finding by the jury for past medical expenses should remain undisturbed.

### Future Medical Expenses

5.      As to the $50,000 award for future medical expenses, Texas follows the "reasonable probability" rule for future damages for personal injuries. *Fisher v. Coastal Transp. Co.,* 149 Tex. 224, 230 S.W.2d 522, 525 (1950); *Rosenboom Mach. & Tool, Inc. v. Machala,* 995 S.W.2d 817, 828 (Tex. App.--Houston [1st Dist.] 1999, pet. denied); *City of San Antonio v. Vela,* 762 S.W.2d 314, 321 (Tex. App.--San Antonio 1988, writ denied). In order to recover for future medical expenses, the plaintiff must show there is a reasonable probability that such medical expenses will be incurred in the future. *Whole Foods Mkt. Southwest v. Tijerina,* 979 S.W.2d 768, 781 (Tex. App.--Houston [14th Dist.] 1998, pet. denied). No precise evidence is required to support an award for future medical costs. *Id.*; *Pipgras v. Hart,* 832 S.W.2d 360, 366 (Tex. App.--Fort Worth 1992, writ denied). Although the preferred practice for establishing future medical costs is through expert medical testimony, there is no requirement that the plaintiff establish such costs through expert testimony. *Tijerina,* 979 S.W.2d at 781. The reasonable value of future medical care may be established by evidence of the reasonable value of past medical treatment. *Id.*; *see Harvey v. Culpepper,* 801 S.W.2d 596, 599 (Tex. App.--Corpus Christi 1990, no writ); *City of Rosenberg v. Renken,* 616 S.W.2d 292, 293 (Tex. Civ. App.--Houston [14th Dist.] 1981, no writ); *Thate v. Tex.*

& *Pac. Ry. Co.,* 595 S.W.2d 591, 601 (Tex. Civ. App.-- Dallas 1980, writ dism'd w.o.j.). The nature of the injury and the plaintiff's condition at the time of trial are also relevant to determining an award for future medical costs. *Tijerina,* 979 S.W.2d at 781; *Pipgras,* 832 S.W.2d at 366. The jury can make its determination of the amount of future medical expenses and care based on the injuries suffered, the medical care rendered before trial, the progress toward recovery under the treatment received, and the condition of the injured party at the time of trial. *Rosenboom Mach. & Tool, Inc.,* 995 S.W.2d at 828; *Vela,* 762 S.W.2d at 321. It is within the jury's sound discretion to determine what amount, if any, to award in future medical expenses. *Id.; Tijerina,* 979 S.W.2d at 781; *see Thate,* 595 S.W.2d at 601. Issues such as life expectancy, medical advances, and the future costs of products and services are, by their very nature, uncertain, and therefore, appellate courts are particularly reluctant to disturb a jury's award of these damages. *Brownsville Pediatric Ass'n,* at 191.

6.     In this case, there was evidence that Mrs. Clive had incurred over $100,000 in past medical expenses and well over $50,000 as part of the charges for her first surgery. Moreover, her treating doctor, Dr. Betancourt, testified about the probability of needing a second surgery in the event that the metal fixation plate and screws in her neck ever became loose. Based on Dr. Betancourt's testimony, he identified the realistic possibility that this may occur thereby necessitating a second surgery. Consequently, there was a "reasonable probability" that Plaintiff would incur future medical costs in the form of a second surgery and the jury was able to use their sound discretion to conclude that future medical expenses would total to $50,000. In determining an amount for future medical expenses, the jury properly followed the trial court's instructions, utilized their discretion, and therefore, this element of damages should remain undisturbed.

**Loss of Earning Capacity**

7.     A plaintiff seeking damages for loss or impairment of past or future earning capacity must prove his or her lost earning capacity with that degree of certainty to which the case is susceptible. *Bonney v. San Antonio Transit Co.*, 160 Tex. 11, 325 S.W.2d 117, 121 (1959); *McIver v. Gloria*, 140 Tex 566, 169 S.W.2d 710, 712 (1943). A plaintiff must offer evidence such that the jury can reasonably estimate her loss of earnings or earning capacity. In a personal injury suit, the amount which the plaintiff might have earned in the future is always uncertain and must be left largely to the sound judgment and discretion of the jury. The amount of damages for lost earning capacity is largely within the discretion of the jury. *McIver*, 169 S.W.2d at 712; *Fowler v. Pedlar*, 497 S.W.2d 399, 401 (Tex. Civ. App.–Houston [1st Dist.] 1973, no writ). In determining loss of earning capacity, the jury is also allowed to consider intangibles such as weakness, lack of capacity to endure work or diminished efficiency, *Border Apparel-East, Inc. v. Guadian*, 868 S.W.2d 894, 897-99 (Tex. App.–El Paso 1993, no writ); lack of education and training, future disability and projected life expectancy, *McIver*, 169 S.W.2d at 712-13; age, health and physical condition prior to the injury, and the permanence of the injury. *Borden, Inc. v. Guerra*, 860 S.W.2d 515, 524-25 (Tex. App.–Corpus Christi 1993, dism'd by agr.).

8.     Defendant completely misses the mark on this one. On one hand, it makes the nonsensical argument that because she has passed her work life expectancy, she is somehow precluded from earning future wages. Defendant's own expert witness, Dr. Turpin-age 81, is an example of how an individual can continue to work well beyond the government's expectancy tables. However, Defendant then contradicts its own argument by pointing to the testimony of Plaintiff's employer that he would employ her into the future as long as she wants to. The query is whether her capacity

to earn has been diminished and the evidence revealed that Plaintiff does intend to work in the future but is now severely limited in her ability to do so. There was ample evidence to support the jury's verdict in the form of (1) her previous work schedule before and after the incident; (2) her hourly wage; (3) the physical impairment that prevents her from working as much as she did before the incident; and (4) her employer's testimony that he would employ her into the future. Based on this evidence, the jury was able to reasonably estimate her future earning capacity by multiplying her hourly salary by the total number of hours she will be unable to work during a year by the number of years she could work into the future. This calculation and the various factors that the jury took into consideration were within the sound discretion of the jury and the jury's verdict should not be disturbed.

## Physical Impairment

9.    When the elements of damages considered by the jury include the more amorphous, discretionary damages, such as mental anguish, pain and suffering, physical impairment, and disfigurement, any amount awarded above the more definitive past medical expenses and lost wages will be left to the discretion of the jury. *North American Refractory Co. v. Easter*, 988 S.W.2d 904, 912 (Tex. App–Corpus Christi 1999, pet denied); *Dico Tire, Inc. v. Cisneros,* 953 S.W.2d 776, 791-92 (Tex. App.--Corpus Christi 1997, writ denied). In order to recover for physical impairment, the evidence must focus on restriction of activities caused by the injury. *Estrada v. Dillon*, 44 S.W.3d 558 (Tex. 2001). In the present case, there was an abundance of evidence on the physical impairment that Plaintiff will suffer from in the future. Contrary to Defendant's assertion, Plaintiff's testimony as to the things she can no longer do was uncontroverted. Defendant did not present a shred of evidence to contradict Plaintiff's so-called "self-serving" testimony. As noted above,

damages for physical impairment are left to the discretion of the jury and in this case, the jury properly utilized that discretion.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that her Motion for Entry of Judgment be Granted.

Respectfully submitted,
**LAW OFFICES OF FRANK COSTILLA, L.P.**
5 East Elizabeth Street
Brownsville, Texas 78520
Telephone      : (956) 541-4982
Facsimile      : (956) 544-3152

**Frank Costilla**
State Bar No. 04856500
Federal I.D. No. 1509
**Alejandro J. Garcia**
State Bar No. 24004663
Federal I.D. No. 30411

Page 7

## CERTIFICATE OF SERVICE

On this the 20th day of February 2004, a true and correct copy of the above and foregoing document was sent to all counsel involved in the manner indicated below:

Mr. Jaime A. Drabek                          *Via* CM/RRR 7003 1010 0003 6965 3190
The Law Firm of Drabek & Associates
1720 East Harrison, Suite B
Harlingen, Texas  78550

Alejandro J. Garcia