United States District Court
Southern District of Texas
FILED

MAR 1 5 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VIRGINIA CLIVE | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO: B-03-033 |
| | § | |
| WAL-MART STORES, INC. AND | § | |
| WAL-MART STORES TEXAS, LP | § | |

## DEFENDANT'S MOTION FOR NEW TRIAL AND REFORM THE JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **WAL-MART STORES, INC. AND WAL-MART STORES TEXAS, LP**, Defendant in the above entitled and numbered cause and makes and files this its Motion for New Trial and Reform the Judgment, and would respectfully show the following:

### Motion for New Trial

The Texas Supreme Court has specifically objected case law to the extent they suggest that "proximity" alone is enough to establish constructive notice. ***Wal-Mart Stores, Inc. v. Lizzie Reece, #001261 (Tex. 2002).*** The case at bar is even more fundamental in this same vein than the situation posed in Reece. Here, the Defendant's employee took reasonable steps to protect customers from the situation that was caused by third parties over which it had no control. The uncontroverted testimony was that she followed policy by remaining at her cashier stand. However, she took a number of reasonable steps to try to avoid an injury to a customer. The uncontroverted testimony was that she alerted store

Page 1

personnel that there was a problem by flashing her light. She also alerted another employee to immediately go get paper towels. It was also uncontroverted that the time period between the child throwing up and Mrs. Clive's fall was a mere 72 seconds. There was no evidence that Wal-Mart placed the foreign substance on the floor. The plaintiff had to prove that the spill had been on the floor for a sufficient period of time that Wal-Mart had a reasonable opportunity to find it and correct it. The cashier involved not only discovered it immediately but took reasonable steps in the time frame allowed to try to prevent an accident.

### Mrs. Clive's Failure to Exercise Ordinary Care Under the Circumstances

There was no dispute in this case that Mrs. Clive was in a hurry to reach the bathroom. There was no dispute that she failed to watch where she was going and walked into a situation where she was warned by the mother of the child that became ill. As such, a finding of only 10 percent negligence on her warrants a new trial.

### Defendant's Motion to Reform the Judgment

There are four elements of damage that were submitted to the Jury that are in dispute post-verdict. They are the amounts awarded for past medical expenses, the amount awarded for loss of earning capacity in the future, the amount awarded for lost earnings in the past, and the amount awarded for physical impairment in the future.

> **A.    *The jury award of $100,000.00 for medical expenses in the past is incorrect and not supported by the evidence.***

Plaintiff's counsel asked the Jury to award $100,486.05 for reasonable and necessary expenses incurred in the past. The Jury awarded $100,000.00. However, the amount awarded by the Jury included the purported surgeon's bill of

Dr. Jose G. Dones Vasquez of $24,496.93. Dr. Vasquez was the assistant surgeon to Chief Surgeon, Dr. Alejandro Betancourt. Dr. Betancourt testified live at trial. On cross-examination by defense counsel, Dr. Betancourt was asked about the amount of this bill as compared to his own of some $23,000.00. He testified without objection that Dr. Vasquez' bill was only 20% of the $24,496.93.

In order to enter the proper amount for plaintiff's medical expenses in the past, the following arithmetic is in order:

```
            $ 100,000.00
     -      $  24,496.93
            $  75,503.07
     +      $   4,899.38
            $  80,402.45
     +      $     486.05
TOTAL       $  80,888.50
```

The figure of $4,899.38 is exactly 20% of Dr. Vasquez's bill of $24,496.93. The correct figure for medical expenses in the past based upon the evidence is $80,888.50.

**B.   The Jury's Award of $125,000.00 for loss of earning capacity in the future is not supported by the evidence.**

The level of proof necessary to support a finding of lost earning capacity especially a finding of lost future earning capacity varies according to the facts of the case. In *Bonney v. San Antonio Transit Co., 325 S.W.2d 117 (Tex. 1959)*, the Texas Supreme Court simply stated that a plaintiff "must prove the amount of such damages with the degree of certainty to which it is susceptible." See Id. at 121. The court recognized that while the amount of damages resulting from diminished earning capacity is within the jury's discretion, "nevertheless the jury should not be left to mere conjecture where facts appear to be available upon which

the jury could base an intelligent answer." *Id. See City of Fort Worth v. Zimlich, 975 S.W.2d 399, (Tex. App.-Austin 1998, no writ).* It is also axiomatic that recovery for lost earning capacity requires a showing of physical impairment. *Metropolitan Life Ins. Co. V. Haney, 987 S.W.2d 236 (Tex. App.-Houston [14th Dist.] 1999).*

The overwhelming weight and degree of credible evidence fails to support the jury's award for this particular element. First, her employer in a letter contained within her employment records set out in detail the seven (7) duties associated with Mrs. Clive's job at the Adult Day Care Center. The treating surgeon, Dr. Alejandro Betancourt, testified that based upon his last examination of Mrs. Clive, she was capable of performing all seven (7) duties. Second, Mrs. Clive is approaching her 70th birthday. In evidence are the United States Government Work Life Tables which demonstrate that Mrs. Clive has already reached and surpassed her work life expectancy. Third, Mrs. Clive testified (as did her employer) that she is continuing to work as an L.V.N. albeit 3 days a week as opposed to 4 days as she did before the accident. Her employer testified that she would "always have a job" and "for as long as she wanted it."

> C.  **The Jury's Award of $15,000.00 for loss of earning capacity in the past is not supported by the evidence.**

The proper measure of damages in a personal injury case is not lost earnings, but rather loss of past and future earnings capacity. *See Dallas Ry. & Terminal Co. V. Guthrie, 210 S.W.2d 550, 552 (Tex. 1948); T. J. Allen Distributing Co. V. Leatherwood, 648 S.W.2d 773, 774 (Tex. App. - Beaumont 1983, writ ref'd n.r.e.); City of Cleburne v. Trussell, 10 S.W.3d 407, 410 (Tex.*

*App. - Waco 2000, no pet.)* Technically, lost actual earnings are merely evidence of the ultimate issue loss of earning capacity. *See McIver v. Gloria, 140 Tex. 566, 169 S.W.2d 710, 712 (1943); see also Lubbock County v. Strube, 953 S.W.2d 847, 856 (Tex. App.-Austin 1997, n.w.h.)* ("[P]roof of lost wages is evidence of loss of future earning capacity.")

Nothing precludes a plaintiff from attempting to recover lost actual earnings, as opposed to lost past earning capacity. Texas appellate courts have allowed plaintiffs to recover lost past earnings, particularly where the defendant does not object to a jury charge submitting lost earnings as an element of damages. *See Tucker v. Lightfoot, 653 S.W.2d 587, 591-92 (Tex. App.-San Antonio 1983, no writ).*

But if a plaintiff attempts to recover his actual lost earnings, he will bear a greater burden of proof than he would to recover lost earning capacity. *T. J. Allen, 648 S.W.2d at 775. See also Beneficial Personnel Serv. Of Tex., Inc. V. Rey, 927 S.W.2d 157, 176 (Tex. App.-El Paso 1996, vacated)* ("The burden of proof for lost earnings is greater than that for loss of earning capacity.") A reviewing court has more latitude in reviewing the record for evidence of lost earning capacity than when reviewing the record for evidence of actual lost earnings.

At trial, plaintiff's evidence and argument was nothing more than an attempt to recover what she claimed to be actual lost earnings. The actual lost earnings claimed by the plaintiff cannot stand up to scrutiny under the evidence submitted in this case. From June 8, 2002 through April 2003, the plaintiff claims that she missed a total of 104 days of

work due to injury. The evidence in her personnel and payroll records demonstrate that she missed only 54 days. Those days are as follows:

| | |
|---|---|
| Immediately following incident: | June 10, 11, & 12, 2002 |
| Plaintiff quit working: | December 12, 2003 |
| Did not work: | December 13, 16, 17, 18, 19, 20, 23, 24, 25, 26, 27, 30 & 31, 2002 |
| Surgery: | January 3, 4, 5, 6, & 7, 2003 |
| Did not work: | January 13 through March 21, 2003 |
| Released back to work: | March 21, 2003 |
| Returned to work: | April 18, 2003 |

Based upon her payroll records, Mrs. Clive missed a total of 54 days which at 8 hours a day and at $15.00 an hour comes to $6,480.00 as opposed to the Jury's award of $15,000.00.

**D.  The Jury's Award of $100,000.00 for physical impairment in the future is not supported by the evidence.**

Physical impairment is an appropriate element of damages where the plaintiff proves that the effect of his physical impairment extends beyond any impediment to his earning capacity, and beyond any pain and suffering, to the extent that it produces a separate and distinct loss that is substantial and should be compensated. *See Lege v. Jones, 919 S.W.2d 870, 877 (Tex. App.-Houston [14th Dist.] 1996, no writ)* (evidence was sufficient to support award for physical impairment where the plaintiff testified that he had lost some feeling in his hands and had recurring prostate problems, forgetfulness, mental confusion and

depression).

Physical impairment includes the plaintiff's inability to enjoy his former lifestyle, which extends beyond a loss of earning capacity and beyond pain and suffering. ***Wal-Mart, Inc. v. Holland, 956 S.W.2d 590, 599 (Tex. App.-Tyler 1997), rev'd on other grounds, S.W.2d (Tex. April 30, 1998) (WL 207905). See Southern Pac. Transp. Co. v. Harlow, 729 S.W.2d 946, 950-51 (Tex. Corpus Christi 1987), writ denied, 745 S.W.2d 320 (Tex. 1988)***.

Mrs. Clive's unproven and self-serving statements regarding what she can and cannot do is refuted by the only competent evidence. The only competent evidence of Mrs. Clive's physical impairment came from her surgeon Dr. Alejandro Betancourt. The only restriction that he placed on Mrs. Clive after her surgery and rehabilitation was not to lift heavy objects. Indeed, he testified that she could return to her regular duties as an L.V.N. at an Adult Day Care Center. None of those duties included lifting heavy objects either before or after her accident. According to the doctor, she is capable of driving a car, working her job and even bowling should she choose to do so. Physical impairment is measured by an individual's ability to do the tasks of everyday living and not self-serving statements to the contrary.

**E.    *The Jury's Awards for loss wages in the past and future should be discarded.***

Mrs. Clive's employer admitted on the stand that he was deliberately falsifying his records concerning Mrs. Clive's actual attendance at work. It was also uncontroverted that Mrs. Clive participated in this fraud by signing payroll sheets

indicating that she was at work when apparently she was not. There are legions of cases which stand for the proposition that a plaintiff cannot reap a reward from their own wrongdoing.

**WHEREFORE**, Defendant respectfully prays that the Court grant its Motion for New Trial and for any other relief to which it may show itself justly entitled to in law or in equity.

Respectfully submitted,

**DRABEK & ASSOCIATES**
1720 E. Harrison, Suite B
Harlingen, Texas 78550
Telephone: 956/ 428-4544
Facsimile: 956/ 428-4880

Jaime A. Drabek
Federal I.D. No. 8643
SBOT: 06102410
Attorneys for Defendant
*Wal-Mart Stores, Inc. and Wal-Mart Stores Texas, LP*

## CERTIFICATE OF CONFERENCE

A conference has been held on the merits of this Motion:

_____ I have been unsuccessful in my attempt to contact opposing counsel.

_____ I have been unsuccessful in my attempts to discuss this matter with the opposing counsel as said attorneys have not returned my telephone calls or responded to my letter.

____X____ This matter has been discussed with opposing counsel and no agreement on the Motion could be reached.

_____ Opposing counsel has agreed or is unopposed to Movant's request under this Motion.

Jaime A. Drabek

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing Motion for New Trial and Reform the Judgment was mailed to all counsel of record by certified mail and/or hand delivery, return receipt requested, on this the ____15th____ day of March, 2004 to:

Mr. Frank Costilla
**Law Office of Frank Costilla, L.P.**
5 East Elizabeth Street
Brownsville, Texas   78520

*Via Fax No. 956/ 544-3152*
*and via regular mail*

Jaime A. Drabek

Page 9