

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VIRGINIA CLIVE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-033 |
| | § | (Jury Requested) |
| WAL-MART STORES, INC. and | § | |
| WAL-MART STORES, TEXAS, L.P. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR NEW TRIAL
AND DEFENDANT'S MOTION TO REFORM JUDGMENT**

TO THE HONORABLE U.S. DISTRICT COURT:

NOW COMES PLAINTIFF VIRGINIA CLIVE and files her response to Defendant's Motion for New Trial and Defendant's Motion to Reform Judgment, and in support thereof would show the court as follows, to-wit:

**Response to Motion for New Trial**

1. Throughout the trial of this case, the requisite element of notice in a premises slip and fall case was based on **actual** notice and **not constructive** notice. The actual notice element was well established by the evidence, particularly in the form of testimony from the Defendant's cashier and the video footage. Nevertheless, Defendant misses the mark when it urges a new trial and contends that somehow, the case of *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812 is controlling on the issue. In contrast to the present case, *Reece* is completely off point because it is a constructive notice case dealing with whether a store employee in close proximity to a spill can have constructive notice of the spill. Here, Plaintiff proved that Defendant had **actual** notice of the dangerous condition and therefore the time element is not controlling. Moreover, Defendant is incorrect when it states that

a mere 72 seconds passed between the time the child vomited and Mrs. Clive fell. What the evidence and the video footage actually revealed was that 72 seconds passed from the time that the mother and daughter entered the camera's field of view to the time Mrs. Clive fell, but the child had already vomited prior to entering the picture.

2.　Defendant has no basis to seek a new trial. None of the grounds which are typically asserted by a movant seeking a new trial are present here. For instance, the verdict was not against the greater weight of the evidence; the damages awarded were not excessive; and the court did not err in its rulings. Accordingly, Plaintiff requests that Defendant's motion be denied.

### Response to Motion for Reformation

3.　Similarly, Defendant has no basis to seek reformation of the judgment. Although Defendant complains of four distinct damage elements, all of the damages found by the jury were adequately supported by the evidence and should be left undisturbed.

4.　The Court of Appeals for the Fifth Circuit has discussed its adherence to the highly stringent standard of review employed to determine whether or not a jury's damage award will be disturbed. In *Bartholomew v. CNG*, 832 F.2d 326 (5th Cir. 1987), the Court stated:

> This Court will overturn a jury verdict for inadequacy only upon the **strongest of showings**. In reviewing the damage award, this Court is limited to determining whether the trier of fact abused its discretion. Moreover, damage awards will only be overturned in exceptional cases where such awards are so gross as to be contrary to right reason.

*Id.* at 331 (citations omitted; emphasis added). Here, Defendant is unable to identify "the strongest of showings" necessary to disturb the jury's verdict and Plaintiff maintains her position to have judgment remain as entered.

5.　**Past Medical Expenses.** Plaintiff presented legally and factually sufficient evidence to

support this element. The necessity of medical expenses and the reasonableness of the charge can be established by affidavit. TEX. CIV. PRAC. & REM. CODE ANN. 18.001 (Vernon 2003). In this case, the reasonableness and necessity of the charges by Dr. Betancourt and Dr. Dones were not only established through affidavit, but were also established through the live trial testimony of Dr. Alejandro Betancourt. During Dr. Betancourt's cross examination, Defendant's counsel solicited an improper reference to a collateral source and Dr. Betancourt explained how a patient's claims are submitted to an insurer, but he **never** contradicted his previous testimony that Dr. Dones' charges were reasonable and necessary.[1] The manner in which a physician bills an insurance company and the percentage that the insurance company decides it will pay for the claim are matters that are not at all pertinent to this lawsuit despite Defendant's efforts to create a red herring. It is improper for Defendant to use an insurance company's policy relating to payment for claims as a basis to strike or diminish the jury's award for past medical expenses and <u>Defendant cites no authority</u> to support his position. Accordingly, the $100,000 finding by the jury for past medical expenses should remain undisturbed.

6.      **Past Loss of Earnings and Future Loss of Earning Capacity**.   A plaintiff seeking damages for loss or impairment of past or future earning capacity must prove his or her lost earning capacity with that degree of certainty to which the case is susceptible. *Bonney v. San Antonio Transit Co.*, 160 Tex. 11, 325 S.W.2d 117, 121 (1959); *McIver v. Gloria*, 140 Tex 566, 169 S.W.2d 710, 712 (1943). A plaintiff must offer evidence such that the jury can reasonably estimate her loss of earnings or earning capacity. In a personal injury suit, the amount which the plaintiff might have

---

[1] Defendant incorrectly states that Dr. Betancourt testified that Dr. Dones' charges were only 20% of the $24,496.63 charged. That was not the testimony. Rather, Dr. Betancourt identified a percentage range that the insurer would likely pay.

earned in the future is always uncertain and must be left largely to the sound judgment and discretion of the jury. The amount of damages for lost earning capacity is largely within the discretion of the jury. *McIver*, 169 S.W.2d at 712; *Fowler v. Pedlar*, 497 S.W.2d 399, 401 (Tex. Civ. App.–Houston [1st Dist.] 1973, no writ). In determining loss of earning capacity, the jury is also allowed to consider intangibles such as weakness, lack of capacity to endure work or diminished efficiency, *Border Apparel-East, Inc. v. Guadian*, 868 S.W.2d 894, 897-99 (Tex. App.–El Paso 1993, no writ); lack of education and training, future disability and projected life expectancy, *McIver*, 169 S.W.2d at 712-13; age, health and physical condition prior to the injury, and the permanence of the injury. *Borden, Inc. v. Guerra*, 860 S.W.2d 515, 524-25 (Tex. App.–Corpus Christi 1993, dism'd by agr.).

7. With respect to Mrs. Clive's loss of past earnings, as with the future medical element of damages, Defendant relies on its own subjective interpretation of what it believes it heard during the trial rather than what the actual evidence was. Rather than the 58 days that Defendant contends Plaintiff missed, Plaintiff actually missed a total of 138 days from work. Multiplying this number of days times an 8 hour day times her hourly salary of $15 per hour equals over $16,500. This was the evidence at trial presented to the jury. In response, the jury reduced the amount to $15,000. Plaintiff does not challenge the jury's reduction and requests that the jury's award for loss of past earnings should remain undisturbed.

8. As to Plaintiff's future loss of earning capacity, Defendant makes the nonsensical argument that because she has passed her work life expectancy, she is somehow precluded from earning future wages. Defendant's own expert witness, Dr. Turpin-age 81, is an example of how an individual can continue to work well beyond the government's expectancy tables. However, Defendant then contradicts its own argument by pointing to the testimony of Plaintiff's employer that he would

employ her into the future as long as she wants to. The query is whether her capacity to earn has been diminished and the evidence revealed that Plaintiff does intend to work in the future but is now severely limited in her ability to do so. There was ample evidence to support the jury's verdict in the form of (1) her previous work schedule before and after the incident; (2) her hourly wage; (3) the physical impairment that prevents her from working as much as she did before the incident; and (4) her employer's testimony that he would employ her into the future. Based on this evidence, the jury was able to reasonably estimate her future earning capacity by multiplying her hourly salary by the total number of hours she will be unable to work during a year by the number of years she could work into the future. This calculation and the various factors that the jury took into consideration were within the jury's sound discretion and should not be interfered with.

9. **Physical Impairment**. When the elements of damages considered by the jury include the more amorphous, discretionary damages, such as mental anguish, pain and suffering, physical impairment, and disfigurement, any amount awarded above the more definitive past medical expenses and lost wages will be left to the discretion of the jury. *North American Refractory Co. v. Easter*, 988 S.W.2d 904, 912 (Tex. App–Corpus Christi 1999, pet denied); *Dico Tire, Inc. v. Cisneros,* 953 S.W.2d 776, 791-92 (Tex. App.--Corpus Christi 1997, writ denied). In order to recover for physical impairment, the evidence must focus on restriction of activities caused by the injury. *Estrada v. Dillon*, 44 S.W.3d 558 (Tex. 2001). In the present case, there was an abundance of evidence on the physical impairment that Plaintiff will suffer from in the future. Contrary to Defendant's assertion, Plaintiff's testimony as to the things she can no longer do was uncontroverted. Defendant did not present a shred of evidence to contradict Plaintiff's so-called "self-serving" testimony. As noted above, damages for physical impairment are left to the discretion of the jury

and in this case, the jury properly utilized that discretion.

## Conclusion

10. This Honorable Court entered judgment in this case on March 5, 2004. The Court's judgment and the damages set forth were based on the evidence presented at trial and the jury's sound discretion in determining what the damages were. Deciding the issue of damages that would fairly and reasonably compensate Mrs. Clive for her injuries was a difficult task, but one that was certainly within the purview of the jury. Defendant's motion is without merit and lacks factual support. Accordingly, Plaintiff requests that said motion be denied in all respects.

Respectfully submitted,
**LAW OFFICES OF FRANK COSTILLA, L.P.**
5 East Elizabeth Street
Brownsville, Texas 78520
Telephone  : (956) 541-4982
Facsimile   : (956) 544-3152

**Frank Costilla**
State Bar No. 04856500
Federal I.D. No. 1509
**Alejandro J. Garcia**
State Bar No. 24004663
Federal I.D. No. 30411

## CERTIFICATE OF SERVICE

On this the 19th day of March 2004, a true and correct copy of the above and foregoing document was sent to all counsel involved in the manner indicated below:

Mr. Jaime A. Drabek  
The Law Firm of Drabek & Associates  
1720 East Harrison, Suite B  
Harlingen, Texas 78550

*Via* CM/RRR 7003 1010 0003 6965 3244

_____  
Alejandro J. Garcia