United States District Court
Southern District of Texas
FILED

MAR 24 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **VIRGINIA CLIVE** § § § | | |
| vs. § | CIVIL ACTION NO: B-03-033 | |
| § | | |
| **WAL-MART STORES, INC. AND** § **WAL-MART STORES TEXAS, LP** § | | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR NEW TRIAL AND MOTION TO REFORM JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **WAL-MART STORES, INC. AND WAL-MART STORES TEXAS, LP**, Defendant in the above entitled and numbered cause and makes and files this its Reply to Plaintiff's Response to Defendant's Motion for New Trial and Motion to Reform the Judgment, and would respectfully show the following:

### Reply to Plaintiff's Response to Motion for New Trial

1. Plaintiff's response misses the mark completely. Texas has long adopted the "Time-Notice Rule" in slip and fall cases. Simply put, the owner or occupier must be given a reasonable opportunity to discover AND remedy a dangerous situation. *Wal-Mart v. Reece, 81 S.W.3d 812 816 (Tex. 2002); H.E. Butt Grocery Co. V. Rivera, 2003 W.L. 23093648 (Tex. App.-San Antonio, Dec. 31, 2003)*. An owner or occupier is required to warn of the condition OR take reasonable steps to make the condition safe. *Bill's Dollar Store, Inc. V. Bean, 77 S.W. 3d 367 (Tex. App. Houston [11th*

*Dist] 2002, no writ).* Most of the case law in this area discusses situations involving whether there was a reasonable time to alert the owner of the dangerous condition. The defendant could find no case law discussing what constitutes a "reasonable" time to remedy the situation after it is brought to the owners attention, other than in regard to defective stairs or defective road conditions. The defendant could also not find any case law which discusses what steps would be reasonable when they are undertaken. However, the defendant would emphasize to the Court that the rule is twofold. Once the hazardous condition is discovered, the time allotted the owner and occupier to alleviate the situation and what steps he or she took in that time frame have to be examined.

2. As the testimony in this case showed, the cashier had only a very brief amount of time to react to a situation which was not caused by the negligence of Wal-Mart employees. In addition, she took reasonable steps to alert her supervisors of the situation that had just developed in front of her. The video tape offered by the plaintiff does not demonstrate that the child had vomited prior to entering the picture. There was no challenge by plaintiff to the time sequence as generated by the electronic clock in the video. Consequently, the verdict is against the great weight and preponderance of the evidence and necessitates a new trial.

### Reply to Plaintiff's Response to Defendant's Motion to Reform the Judgment

3. *Lost wages past and future.*

The plaintiff's response completely ignores the fact and argument that Mrs. Clive should not be allowed to profit from her own wrongdoing. The inability to reap

rewards from one's own wrongdoing is tied to the concept of unjust enrichment. Many of the cases that defense counsel looked at concerned situations where a jury's verdict was based on false testimony in criminal cases. However, this rule of law has been on the books for years in civil cases. "It has long been a tenet of our jurisprudence that a wrongdoer shall not be allowed to profit from his wrongdoing." ***Neely v. Jacobs, 673 S.W.2d 705, 709 (Tex. App.- Fort Worth 1984, no writ); Fraps v. Lindsay, 2003 S.W. 22810440 (Tex. App. Houston [1st Dist.] Nov. 26, 2003, Dorchester Gas Producing Co. V. Harlow Corp., ,743 S.W.2d 243 (Tex. App. - Amarillo 1987); Hudspeth v. Stoken, 644 S.W. 2d 92, 94 (Tex. App. - San Antonio 1982, writ den.).*** While "compensation for the injury is the result to be obtained and while the wrongdoer is not allowed to profit from his own wrongdoing, the same rule applies to the aggrieved party". ***Nelly v. Jacobs, 673, S.W. 2d 705 (Tex. App. -Forth Worth 1984, no writ).***

4. In the case at bar, the testimony was clear that Mrs. Clive was an active participant along with her employer to falsify her work records and deceive the state agency that oversees the operations of adult day care centers. Indeed, neither her employer nor Mrs. Clive could vouch for the accuracy of any of her falsified records so that the jury might have a clear understanding of when she was at work and what she was doing while there. Consequently, she should not be allowed to profit from her own wrongdoing.

5. **_Medical Expenses in the Past_**

The issue concerning the correct amount of past medical expenses in this case was discussed with the Court both before Jury Selection and during the Trial. Defense

counsel had repeatedly pointed out that the figure relied upon by the plaintiff was incorrect. That is, that a double charge by two surgeons for different functions would be tantamount to medicare/insurance fraud. It was the plaintiff who called Dr. Betancourt live. Dr. Betancourt testified under cross-examination that the figure used by plaintiff for the services of his partner, Dr. Jose Donez Vasquez was incorrect. He testified without objection that Dr. Vasquez's bill was only 20% of the $24,496.93.

6. Plaintiff's argument against this plain truth seems to be one of "so what"? That is, that it doesn't matter whether or not the plaintiff was actually charged $24,496.93. Yet, this is precisely the inquiry that was made by the Court during the trial. That is, if she was responsible for that figure (or her insurance carrier or the government) than the Court was not going to keep it out of evidence despite the fact that it looked suspicious on its face. Dr. Betancourt made it clear that his office was not charging that amount to Mrs. Clive or her insurance carrier. The Defendant is not required to produce "case law" for a determination of the truth. Consequently, the jury's award of $100,000.00 for medical expenses in the past should be reformed to the figure contained in Defendant's Motion for Reformation of Judgment.

7. **_Physical Impairment in the Future_**

Once again, plaintiff's response ignores the plain and credible evidence in this case. While Mrs. Clive testified with regard to what she can and cannot do, this was belied by the testimony of her own treating physician. Dr. Betancourt testified that she was completely capable of assuming all of her previous functions at work. He summed it up by testifying "she is doing great". Furthermore, Mrs. Clive apparently continues

to work in the same capacity that she did for her same employer. Mrs. Clive's own self-serving statements are overwhelmed by the great weight and preponderance of the evidence against her in this issue that the Jury's verdict for physical impairment in the future should be set aside and reformed.

## CONCLUSION

**WHEREFORE**, the Defendant respectfully prays that it be granted a New Trial on the issues of liability and damages or in the alternative that the Judgment entered by the Court on March 5, 2004 be reformed in accordance with the Defendant's requests. The defendant also requests a hearing in open court on the issues presented by its motions, and for any other relief to which it may show itself justly entitled to in law or in equity.

Respectfully submitted,

**DRABEK & ASSOCIATES**
1720 E. Harrison, Suite B
Harlingen, Texas   78550
Telephone: 956/ 428-4544
Facsimile: 956/ 428-4880

Jaime A. Drabek
Federal I.D. No. 8643
SBOT: 06102410
Attorneys for Defendant
*Wal-Mart Stores, Inc. and Wal-Mart Stores Texas, LP*

## CERTIFICATE OF CONFERENCE

A conference has been held on the merits of this Motion:

_____  I have been unsuccessful in my attempt to contact opposing counsel.

_____  I have been unsuccessful in my attempts to discuss this matter with the opposing counsel as said attorneys have not returned my telephone calls or responded to my letter.

\_\_\_X\_\_\_  This matter has been discussed with opposing counsel and no agreement on the Motion could be reached.

_____  Opposing counsel has agreed or is unopposed to Movant's request under this Motion.

Jaime A. Drabek

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion for New Trial and Reform the Judgment was mailed to all counsel of record by certified mail and/or hand delivery, return receipt requested, on this the \_\_\_22nd\_\_\_ day of March, 2004 to:

Mr. Frank Costilla  
**Law Office of Frank Costilla, L.P.**  
5 East Elizabeth Street  
Brownsville, Texas 78520

*Via Fax No. 956/ 544-3152*  
*and via regular mail*

Jaime A. Drabek