United States District Court
Southern District of Texas
FILED

MAR 2 6 2004

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **VIRGINIA CLIVE** | § | |
| | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO: B-03-033** |
| | § | |
| **WAL-MART STORES, INC. AND** | § | |
| **WAL-MART STORES TEXAS, LP** | § | |

**DEFENDANT'S SUPPLEMENTAL REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR NEW TRIAL AND MOTION TO REFORM JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **WAL-MART STORES, INC. AND WAL-MART STORES TEXAS, LP**, Defendant in the above entitled and numbered cause and makes and files this its Supplemental Reply to Plaintiff's Response to Defendant's Motion for New Trial and Motion to Reform the Judgment, and would respectfully show the following:

1. In further consideration of Defendant's Motion for New Trial, attached are two cases which are instructive on the issue of what type of evidence is enough to satisfy plaintiff's burden to prove that Wal-Mart did not exercise reasonable care to reduce or eliminate the risk once it is discovered. One is an opinion that is not designated for publication and is out of the El Paso Court of Appeals. The other is a rather recent decision out of the San Antonio Court of Appeals styled ***Chavez v. Wal-Mart Stores, Inc., 81 S.W. 3rd 862***. The opinion out of San Antonio was written by Chief Justice Phil Hardberger.

2.  In both of the cases cited above, there was an interval of mere seconds between the discovery of the hazardous condition and the fall taken by the customer. In each case, during the interval of mere seconds, employees made efforts to address and correct the hazardous condition. In both cases, the Court of Appeals decided in favor of Wal-Mart on this issue.

## CONCLUSION

**WHEREFORE**, the Defendant respectfully prays that the Court take into consideration its Supplemental Reply in coming to a decision on the Defendant's motions.

Respectfully submitted,

**DRABEK & ASSOCIATES**
1720 E. Harrison, Suite B
Harlingen, Texas  78550
Telephone: 956/ 428-4544
Facsimile:  956/ 428-4880

Jaime A. Drabek
Federal I.D. No. 8643
SBOT: 06102410
Attorneys for Defendant
*Wal-Mart Stores, Inc. and Wal-Mart Stores Texas, LP*

## CERTIFICATE OF CONFERENCE

A conference has been held on the merits of this Motion:

__________ I have been unsuccessful in my attempt to contact opposing counsel.

__________ I have been unsuccessful in my attempts to discuss this matter with the opposing counsel as said attorneys have not returned my telephone calls or responded to my letter.

____X____ This matter has been discussed with opposing counsel and no agreement on the Motion could be reached.

__________ Opposing counsel has agreed or is unopposed to Movant's request under this Motion.

Jaime A. Drabek

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion for New Trial and Reform the Judgment was mailed to all counsel of record by certified mail and/or hand delivery, return receipt requested, on this the ___24th__ day of March, 2004 to:

Mr. Frank Costilla
**Law Office of Frank Costilla, L.P.**
5 East Elizabeth Street
Brownsville, Texas 78520

***Via Fax No. 956/ 544-3152***
***and via regular mail***

Jaime A. Drabek

Only the Westlaw citation is currently available.

NOTICE: NOT DESIGNATED FOR PUBLICATION. UNDER TX R RAP RULE 47.7, UNPUBLISHED OPINIONS HAVE NO PRECEDENTIAL VALUE BUT MAY BE CITED WITH THE NOTATION "(not designated for publication)."

Court of Appeals of Texas, El Paso.

ORALIA URQUIDI, Appellant,
v.
WAL-MART STORES, INC., Appellee.

**No. 08-00-00065-CV.**

March 15, 2001.

Appeal from the 244th Judicial District Court of Ector County, Texas, (TC# C- 99,304).

Before BARAJAS, C.J., McCLURE and CHEW, JJ.

OPINION

BARAJAS.

***1** This is an appeal from the granting of summary judgment in a slip and fall case. For the reasons stated, we affirm the judgment of the trial court.

I. *SUMMARY OF THE EVIDENCE*

Appellant, Oralia Urquidi, sued Appellee, Wal-Mart Stores, Inc., after she slipped and fell on human excrement. Two Wal-Mart employees testified that they observed another store patron defecate on the floor just seconds before Appellant fell. They stated they warned Appellant, "Watch out, watch your step." Appellant sustained injuries to her shoulder, back, neck, right arm, and right leg. She sued Appellee for negligence in failing to maintain the floor in a reasonably safe condition, in failing to warn her of the slippery and dangerous condition on the floor, in permitting the human excrement to remain on the floor, and in failing to remove the excrement in a timely manner. Appellee filed its motion for summary judgment arguing it was entitled to summary judgment because it was not negligent toward Appellant and was not the proximate cause of her injuries. The trial court granted Appellee's motion. This appeal follows.

II. *DISCUSSION*

Appellant challenges the granting of summary judgment on appeal. Specifically, she argues that the summary judgment evidence created a fact issue with respect to her claim that an unreasonably dangerous condition existed on Appellee's property and that Appellee had constructive knowledge of the condition. Appellant also argues that the summary judgment evidence created a fact issue with respect to whether Appellee's negligence was a proximate cause of her injuries.

A. Summary Judgment Standard of Review

The standard of review on appeal is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law. *See* *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985); *Cortez v. Liberty Mut. Fire Ins. Co.,* 885 S.W.2d 466, 469 (Tex.App.--El Paso 1994, writ denied). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim. *See* *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970).

In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *See* *Nixon,* 690 S.W.2d at 548-49; *DeLuna v. Guynes Printing Co. of Texas, Inc.,* 884 S.W.2d 206, 208 (Tex.App.--El Paso 1994, writ denied). Where the defendants are the movants and they submit summary evidence disproving at least one essential element of each of plaintiff's causes of action, then summary judgment should be granted. *See* *Perez,* 819 S.W.2d at 471; *Bradley v. Quality Serv. Tank Lines,* 659 S.W.2d 33, 34 (Tex.1983); *Cortez,* 885 S.W.2d at 469. Furthermore, when a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *See* *State Farm Fire & Cas. Co. v. S.S.,*

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

858 S.W.2d 374, 380 (Tex.1993); *Rogers v. Ricane Enter., Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

*2 The Texas Supreme Court stated the elements of a premises liability cause of action in *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex.1983). The elements are:

(1) actual or constructive knowledge of some condition on the premises by the owner/operator;
(2) that the condition posed an unreasonable risk of harm;
(3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
(4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Corbin*, 648 S.W.2d at 296; *see also Keetch v. Kroger Company*, 845 S.W.2d 262, 264 (Tex.1992); *Montes v. Indian Cliffs Ranch, Inc.*, 946 S.W.2d 103, 107 (Tex.App.--El Paso 1997, pet. denied). Thus, Appellant must prove either: (1) Appellee had actual knowledge of the dangerous condition and negligently failed to correct it; or (2) that Appellee had constructive knowledge because the foreign substance was on the floor so long that it should have been discovered and removed in the exercise of reasonable care. *See, Keetch*, 845 S.W.2d at 264-66.

The uncontradicted summary judgment evidence established that only a few seconds had passed between the time the two Wal-Mart employees witnessed a store patron defecate on the floor and the time Appellant slipped and fell. Both employees warned Appellant to "Watch out, watch your step." Thus, while Appellee had actual knowledge of the condition, it exercised reasonable care to correct or eliminate the risk.

As noted previously, when a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *See State Farm Fire & Cas. Co.*, 858 S.W.2d at 380; *Rogers*, 772 S.W.2d at 79. Since we find that Appellee conclusively negated an element of Appellant's claim, we find that the trial court did not err in granting summary judgment.

Having found that the trial court was correct in granting summary judgment, we need not address Appellant's remaining issues and we affirm the judgment of the trial court.

2001 WL 259182 (Tex.App.-El Paso)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Court of Appeals of Texas,
San Antonio.

WAL-MART STORES, INC., Appellant,
v.
Alma Delia CHAVEZ, Appellee.

**No. 04-01-00471-CV.**

May 8, 2002.

Customer brought premises liability action against department store after she slipped and fell on cooking oil that had spilled onto store floor. The County Court at Law, Starr County, J.M. Alvarez, J., entered judgment in favor of customer, and department store appealed. The Court of Appeal, Phil Hardberger, C.J., held that department store exercised reasonable care in reducing risk of injury.

Reversed and rendered.

West Headnotes

**[1] Negligence 1104(6)**
272k1104(6) Most Cited Cases

Department store exercised reasonable care to reduce risk of injury to customer after another patron told employee about cooking oil spill in store aisle; employee proceeded immediately to aisle where spill was located after patron informed him of spill, and only 10 to 15 seconds had passed between time he had been informed and time he arrived at aisle when he saw that customer had already fallen.

**[2] Negligence 1037(3)**
272k1037(3) Most Cited Cases

A land possessor's duty toward its invitee does not make the possessor an insurer of the invitee's safety.

**[3] Negligence 1001**
272k1001 Most Cited Cases

In order to prevail on a premises liability claim, the plaintiff must prove the following: (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

**[4] Appeal and Error 216(1)**
30k216(1) Most Cited Cases

Customer waived theory of liability, in premises liability action against department store, as to whether department store had constructive knowledge of cooking oil spill prior to customer's slip and fall, where customer did not submit jury instruction on that issue.

**[5] Appeal and Error 209.1**
30k209.1 Most Cited Cases

In the absence of an objection, the sufficiency of the evidence is usually measured against the statement of law contained in the charge, even if it is defective.

***862** J. Woodfin Jones, Scott, Douglass & McConnico, L.L.P., Austin, for Appellant.

Calixtro Villarreal, Law Offices of Calixtro Villarreal, Jr., Rio Grande City, David E. Dilley, Jr., Dilley Law Firm, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice and SANDEE BRYAN MARION, Justice.

***863** Opinion by: PHIL HARDBERGER, Chief Justice.

In this slip and fall case, we must decide whether Wal-Mart Stores, Inc. ("Wal-Mart") had actual notice of a cooking oil spill, and, if so, whether it exercised reasonable care to reduce or eliminate the risk. Wal-Mart appeals the trial court's judgment in favor of Alma Delia Chavez ("Chavez"). In three points of error, Wal-Mart argues: (1) the evidence is legally and factually insufficient to support the jury's finding of actual or constructive knowledge; (2) the evidence is legally and factually insufficient to support the jury's finding that Wal-Mart did not exercise reasonable care to reduce or eliminate the risk; and (3) the evidence is legally and factually insufficient to support the jury's finding of proximate cause. We find the evidence is legally insufficient to show that Wal-Mart failed to exercise reasonable care to reduce or eliminate the risk.

FACTUAL BACKGROUND

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

On October 1, 1998, Chavez and her husband, Horacio Lopez ("Lopez"), went shopping at a Wal-Mart in Rio Grande City. After entering the store, the family proceeded to the grocery section to find some beans. After finding the appropriate aisle, both Chavez and Lopez began searching for beans on the shelves. While looking for the beans, Chavez slipped and fell in a puddle of cooking oil that had collected on the floor.

Chavez had no sooner fell when a Wal-Mart employee, Hector Bosque ("Bosque") appeared and helped Chavez to her feet. Bosque and another employee, Benjamin Gonzalez ("Gonzalez"), had been two aisles over cleaning up a broken bottle of wine. According to Bosque's testimony, a customer approached them and informed them of the cooking oil spill. Bosque testified that he left Gonzalez to finish cleaning up the wine and went immediately to clean up the cooking oil spill. He testified that it took him only 10 to 15 seconds to reach the aisle where Chavez had fallen.

Chavez brought a premises liability suit against Wal-Mart. A jury found Wal- Mart 100% negligent and awarded Chavez $34, 474.00 in damages. The trial court entered judgment on the verdict.

STANDARD OF REVIEW

"If a party is attacking the legal sufficiency of an adverse finding of an issue on which it did not have the burden of proof, the attacking party must demonstrate on appeal that there is no evidence to support the adverse finding." *Star Enter. v. Marze*, 61 S.W.3d 449, 461 (Tex.App.-San Antonio 2001, pet. filed). "Challenges to the legal sufficiency of the evidence must be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence established conclusively the opposite of the vital fact." *Id.* "In reviewing legal sufficiency, we are required to determine whether the proffered evidence as a whole rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* "To rise above a scintilla, the evidence offered to prove a vital fact must do more than create a mere surmise or suspicion of its existence." *Lozano v. Lozano*, 52 S.W.3d 141, 145 (Tex.2001). "[W]e must consider all of the record evidence in the light most favorable to the party in whose favor the verdict has been rendered and indulge every reasonable inference deducible from the evidence in that party's favor." *Marze*, 61 S.W.3d at 462.

***864** "If a party is attacking the factual sufficiency of an adverse finding on an issue to which the other party has the burden of proof, the attacking party must demonstrate that there is insufficient evidence to support the adverse finding." *Id.* "When reviewing a challenge to the factual sufficiency of the evidence, we must consider all of the evidence in the record." *Id.* "We should set aside the verdict only if the evidence which support the jury's finding is so weak as to be clearly wrong and manifestly unjust." *Id.*

DISCUSSION

[1][2][3] Chavez was an invitee of Wal-Mart. "As such, Wal-Mart owed her a duty to exercise reasonable care to protect her from dangerous conditions in the store known or discoverable to it." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex.1998). "However, a land possessor's duty toward its invitee does not make the possessor an insurer of the invitee's safety." *Id.* In order to prevail on a premises liability claim, the plaintiff must prove the following: (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *Id.*

[4][5] With respect to the knowledge requirement, the only theory submitted to the jury was that of actual knowledge. Chavez did not submit constructive knowledge in the jury charge as a basis for liability. "In the absence of an objection, the sufficiency of the evidence is usually measured against the statement of law contained in the charge, even if it is defective." *Household Credit Serv., Inc. v. Driscol*, 989 S.W.2d 72, 88 (Tex.App.-El Paso 1998, pet. denied). Because of this omission, the only theory the jury was able to consider is whether Wal-Mart had actual knowledge. Chavez is bound by the charge submitted at trial, and has waived any theory of liability based on constructive knowledge. *See Driscol*, 989 S.W.2d at 88.

The unidentified customer informed Bosque of the cooking oil spill, so there is no question that Wal-Mart had actual knowledge of the spill. The determinative question, however, is whether Wal-

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Mart, acting through Bosque, had actual knowledge of the spill before the time Chavez fell. Even assuming that Chavez satisfied the actual knowledge requirement, we believe she presented legally insufficient evidence to prove that Wal-Mart did not exercise reasonable care to reduce or eliminate the risk.

The only direct evidence with respect to reasonable care was Bosque's own testimony. He testified that after the customer informed him of the spill, he proceeded immediately to that location. He stated that 10 to 15 seconds passed from the time the customer informed him of the spill to when he arrived at the accident scene. When he arrived, Chavez had already fallen.

Chavez points to the testimony of her husband, Horacio Lopez, to support her position that Wal-Mart did not exercise reasonable care. When asked on direct examination what Bosque said when he arrived at the accident scene, Lopez testified as follows: "He said someone had told him before about the oil, but they were taking care of the other aisle where the broken bottle was of wine." Chavez argues that this testimony properly allowed the jury to infer that Bosque delayed some amount of time before attending to the cooking oil spill, and that this shows that Wal-Mart did not exercise reasonable care ***865** to reduce or eliminate the risk. While we agree that an inference of some delay is possible, there is no evidence that Wal-Mart did not exercise reasonable care to clean up the oil timely.

Lopez's testimony creates merely a surmise or suspicion that Wal-Mart did not exercise reasonable care to reduce or eliminate the risk of the cooking oil spill. *See* Lozano, 52 S.W.3d at 145. Bosque's testimony shows that he proceeded immediately to eliminate the risk after he had been informed of the spill. By proceeding immediately to the accident scene, taking only 10 to 15 seconds, Bosque acted reasonably. Chavez has offered no more than a scintilla of evidence to prove that Wal-Mart failed to exercise reasonable care, thus the evidence is legally insufficient. *See* Marze, 61 S.W.3d at 462. Because there is no evidence to support the jury's finding of Wal-Mart's failure to exercise reasonable care, Chavez cannot prevail against Wal-Mart on her premises liability claim. *See* Gonzalez, 968 S.W.2d at 936. We sustain Wal-Mart's second point of error.

CONCLUSION

The trial court's judgment in favor of Chavez is reversed, and judgment is rendered that Chavez take nothing from Wal-Mart.

81 S.W.3d 862

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works